James W. Ennis and another *vs.* Buckeye Publishing Company.

July 17, 1890.

**Damages for Breach of Contract—Loss of Profits—Pleading.**—Loss of profits, which would have been the direct result of work done at a contract price, and which are prevented by the defendant's wrongful act, is general damages,—that is, such as the law necessarily implies or presumes to have accrued,—and need not be specially alleged.

**Same—Total Breach of Entire Contract—Single Action—Evidence.**—Where the contract is entire, and the breach is total, the injured party is entitled to recover in one action all damages, present or prospective, for the loss of the contract, and these may be established by showing how much less than the contract price it would cost to perform the work.

Action for breach of a written contract, made October 11, 1888, by which the plaintiffs agreed to do the press-work for, and to fold and paste, a semi-monthly publication of the defendant, for the period of two years; the defendant agreeing to continue the publication during that period, to publish at least 50,000 copies of each issue, to deliver at times specified the material for each issue, and to pay plaintiffs $2.20 for each thousand copies printed and delivered by them. The complaint alleges performance by plaintiffs until March 1, 1889, and continued readiness to perform since that date, but that "the defendant then refused and still refuses to allow them to do so, and refuses and then refused to furnish the plaintiffs with any papers to print as provided in said contract, or to pay them therefor, all to the damage of the plaintiffs in the sum of $3,100," for which sum judgment is demanded. The answer admits that on or about March 20, 1889, the defendant declared the contract at an end, and so notified plaintiffs, and justifies such action and its continued refusal to furnish plaintiffs any papers to print, by reason of continued breaches of the contract by plaintiffs. At the trial, in the district court for Hennepin county, before *Hooker*, J., the defendant objected to the admission of any evidence under the complaint because of its failure to state a cause of action, and objected to the admission of any evidence as to damages, and excepted to the overruling of the objec-

tions; and also excepted to the instructions that the measure of damages was the value of the contract to plaintiffs, to be ascertained by ascertaining the cost of the work and deducting it from the contract price, and that the jury should determine and allow such profits to plaintiffs from the date of the breach by defendant to the end of the term of the contract. The plaintiffs had a verdict of $645, and defendant appeals from an order refusing a new trial.

*Arctander & Arctander* and *Geo. McNeir*, for appellant.

*A. D. Smith*, for respondents.

MITCHELL, J. General damages—that is, such as the law presumes necessarily to have accrued from the wrong complained of—need not be specially alleged. To this class belongs the loss of profits to spring as the direct result of work done at a contract price, and which are prevented by the wrongful act of the defendant. *Burrell v. New York & Saginaw Salt Co.*, 14 Mich. 34. And when the contract is entire, and the breach total, the plaintiff may recover his whole damages, present and prospective, for the loss of his contract, in a single action, and these may be established by showing the difference between the contract price and what it would have cost the plaintiff to perform. In this case the contract, although providing for the performance of services for the period of two years, was an entire one, and the breach of it, by defendant's repudiating it and declaring it at an end, was a total one. Hence plaintiffs were entitled to recover in this action all their damages for loss of profits during the whole of the unexpired term of the contract. These propositions, which are almost elementary, cover all of defendant's assignments of error.

Order affirmed.