### MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS v. WILLIAM BYAS.

#### No. 793.

1. **Deposition—Disqualification of Office—Attorney.**—Where the officer at the time of taking deposition was an attorney at law and represented the defendant in the Justice Court, and in the County and District Courts of adjoining counties, but did not represent it in any case in the court where the suit was pending, nor in the case in which the deposition was taken, and knew nothing of the case or its facts, but was subsequently employed to represent defendant in the case, he was not disqualified from taking the deposition.

2. **Railway Company—Duty to Stop Trains at Stations—Charge.**—It is the duty of railway companies to stop their passenger trains at each station for a time reasonably long enough for passengers to get off; but the company had a right to run a special train through without stopping at intermediate stations, unless by its conduct it has entitled plaintiff to demand that it should stop at his destination, and a charge which assumed that he was entitled to have the train stopped in any event, was erroneous.

3. **Same—Mistake of Passenger.**—If plaintiff did not know of the difference between the two trains, and was justified by the manner in which the defendant company managed its train in believing that the train he entered was the proper one; or if the officers of the train recognized him as a passenger by taking up his ticket and promising to put him off at his destination; or whether he was misled by the defendant's conduct or not, if he entered the train believing in good faith that it was the regular train, or that it was to stop at his destination, and if defendant's servants learned of his presence on the train and his destination and mistake, and if his destination was the first station passed after such knowledge, defendant was required to put him off there.

4. **Pleading—Excessive Recovery.**—It is error to allow a recovery for actual damages not claimed in the pleadings.

APPEAL from the County Court of Harris. Tried below before Hon. JOHN G. TOD.

*Baker, Botts, Baker & Lovett,* for appellant.—1. The fact that the officer who took the deposition was the attorney for the defendant in some cases other than the case in which the depositions were taken, or that such officer has, since the taking of such deposition, been employed by the defendant as attorney, is no sufficient grounds for re-

jecting the deposition, and such rejection constitutes reversible error. Burton v. Railway, 61 Texas, 529; Welborne v. Downing, 73 Texas, 530.

2. A railroad has the right to adopt reasonable regulations with reference to the time of starting, running, and stopping its trains; and so long as a carrier furnishes intending passengers reasonable accommodations and facilities in traveling to and from local points on the carrier's line, it is not required to stop all its through trains, and especially special excursion trains, at such local stations. Rev. Stats., art. 4226; Railway v. Hassell, 62 Texas, 258; Railway v. White, 4 Willson's C. C., secs. 259, 260.

3. A charge should not submit to the jury matters not within the scope of the pleadings; and where the petition itemizes amount sued for, the charge should limit the finding of the jury to such items. Railway v. Measles, 81 Texas, 478.

*S. Taliaferro,* for appellee.—1. The statement under appellant's first proposition is correct, except that it does not state that the record in this case does not disclose when said deposition was filed in the trial court; that the notary taking said deposition was the attorney who was trying this case; that at the time he took the deposition he was employed to represent the defendant company as an attorney in the Justice Courts of Harris County and in the County and District Courts of contiguous counties; that Messrs. Baker, Botts, Baker & Lovett appeared from the record to be counsel for appellant. Railway v. Smith, 84 Texas, 349; Floyd v. Rice, 28 Texas, 342; Ballard v. Perry, 28 Texas, 348.

2. Depositions of a party must be taken by an officer having no interest in the case. The court will presume an interest where the officer taking the same is attorney for the opposing party in a number of courts, although he may not have been connected with the case at bar until after he had taken the deposition which was excluded. The trial court committed no error in excluding the deposition. Weeks on Depositions, sec. 285, p. 325; Floyd v. Rice, 28 Texas, 342.

3. If appellee had reasonable grounds for believing that the train upon which he took passage was a regular passenger train, and the conductor of that train took up a ticket which had been sold appellee by the appellant, said ticket being good for passage to a station at which that train did not stop, and if said conductor promised to put appellee off at such station, the court's charge complained of in the second assignment of error was warranted. The railroad company by the sale of the ticket, and by its subsequent promise to put him off at his destination when the ticket was taken up, made said train a passenger train, and it was bound to put him off at the point called for by his ticket.

WILLIAMS, Associate Justice.—Appellee bought a ticket at Houston, entitling him to be carried by appellant from that place to Harrisburg.

He entered a special excursion train which did not stop at intermediate points between Houston and Galveston, and was not allowed an opportunity to get off at Harrisburg, but was carried, as he claims wrongfully, to Galveston. This suit was brought to recover damages resulting. It appeared that appellant did not undertake to carry passengers traveling from Houston to Harrisburg upon the train which appellee entered, but had for that purpose a local passenger train which left Houston immediately after the departure of the excursion train. There was evidence tending to show that all persons who bought tickets for points between Houston and Galveston were informed of this fact and instructed as to the train which they should take, though the testimony was not positive that such information was given to appellee. The regular train to Galveston should have arrived at Houston about 8:40 a. m., but was delayed until after 1 p. m., and appellee remained about the station awaiting its arrival. The excursion train arrived about the time the local passenger train was expected. Appellee appears, from his statement, to have known that the train which he entered was an excursion train, but whether or not he knew that it would not stop at Harrisburg does not appear, further than the fact may be inferred from the evidence as to information given by the agent to purchasers of tickets. He states, however, that between Houston and Harrisburg the conductor of the excursion train took up his ticket, and told him the train would stop at Harrisburg to allow him to get off. This was denied by the employes of defendant operating the train, who stated, that they had on that train no passenger for Harrisburg, took up no ticket from plaintiff, and had never seen him. Thus there was a direct conflict of testimony upon important points in the case.

After the plaintiff had testified in his own behalf, defendant offered to read his deposition taken upon interrogatories previously propounded by defendant, in order to contradict some of his statements made on the stand. This deposition was excluded, on the ground that it had been taken by an attorney of the defendant. At the time the deposition was taken, the notary who took it, and who was also an attorney at law, represented defendant in some causes in the Justice Courts of Harris County and in the District and County Courts of adjoining counties, but had no connection with this case nor with any other cases pending in the County Court of Harris County, and knew nothing of this case or of its facts. He was subsequently employed to represent defendant in this case. Under the decisions in Burton v. Railway, 61 Texas, 529, and Welborne v. Downing, 73 Texas, 530, the officer was not disqualified.

The two statements made by plaintiff differed from each other in some details, which ordinarily, perhaps, might not be considered very material, but which might have affected his credibility before the jury, where there was so sharp a conflict as the testimony exhibited.

The court charged the jury as follows: "You are charged, that under the law in this State it is the duty of railway companies to stop their passenger trains at each station for a time reasonably long enough for the passengers bound for such station to get off their train. But if from the evidence you believe that the plaintiff purchased a ticket over the line of the defendant's railway from Houston to Harrisburg, and went upon the defendant's passenger train, and that the defendant failed to stop such train at the station in the town of Harrisburg for a time reasonably long enough to allow the plaintiff to get off said train at such station, and that the plaintiff was by the defendant carried past said town, and carried to the city of Galveston, then you will find for the plaintiff."

This charge is abstractly correct, but, applied to this case, may have misled the jury. The train upon which plaintiff traveled was not a regular passenger train; the defendant had not, by running it, undertaken that it should stop at all way stations. As it furnished a train for such passengers as plaintiff, it had the right to run the special train through without stopping, unless by its conduct it had entitled plaintiff to demand that it should stop at his destination.

If he was not informed and did not know of the difference between the two trains, and was justified, by the manner in which defendant managed its trains at Houston, in believing that the train which he entered was the proper one upon which he was to be carried, we are of the opinion that he had the right to expect defendant to let him off at his destination, and in case of its failure to do so, to recover such damages as resulted to him therefrom. And his rights would, we think, be the same if the officers in the train recognized him as a passenger to Harrisburg by taking up his ticket and promising to put him off there, and failed to do so, though he may have entered the cars with knowledge of the character of the trains. Or whether he was misled by defendant's conduct or not, if he entered the train believing in good faith that it was the regular passenger train, or that it was to stop at his destination, and if defendant's servants learned of his presence in the train and his destination before passing Harrisburg, they were bound to treat him as a passenger, and if Harrisburg was the first station passed after defendant's servants learned of plaintiff's mistake, under such circumstances we think it would be required to put him off there.

But if when he entered the train he was informed or knew the train was a special one which did not stop at Harrisburg, and if there was no such recognition of his right as a passenger by the employes on the train as is above supposed, he had no right to demand that those operating the train should stop to let him get off.

The charge assumed that he was entitled to have the train stop in any event, and hence was erroneous. Railway v. Hassell, 62 Texas, 256.

The charge was also erroneous in allowing a recovery as actual damages for inconvenience occasioned to plaintiff by being carried to Galveston, because the petition was not sufficient to support such a

recovery. Whether such a recovery might be had under a general allegation as general damages, is not the question here.

The petition particularly itemized the actual damages claimed, and sought the recovery of none other. The damages thus claimed were the fare from Houston to Harrisburg and from Galveston to Houston, and the value of time lost. There was no allegation of any other damages, general or special, except a claim of $750 as exemplary damages. No case for the recovery of exemplary damages against the company was made by the evidence, and the court did not submit that question to the jury. It was therefore error to allow a recovery for actual damages not claimed in the pleadings.

For the errors indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered February 21, 1895.