HERSHEY LUMBER COMPANY v. ST. PAUL SASH, DOOR & LUMBER COMPANY.[1]

December 16, 1896.

Nos. 10,255—(132).

**Sale—Statute of Frauds—Delivery—Tender.**

To take a parol contract for the sale of goods of the value of $50 or more out of the statute of frauds[2] by an acceptance of a part thereof, there must be a delivery by the seller, and the purchaser must receive and accept a part of the goods contracted for, pursuant to the contract.    An unaccepted tender of earnest money will not take the sale out of the statute.

**Same—Evidence—Damages.**

Evidence considered, and *held*, that the contract upon which the defendant based its claim for damages was within the statute of frauds, and that all evidence as to such damages was immaterial.

Appeal by defendant from an order of the district court for Ramsey county, Egan, J., denying a motion for a new trial.    Affirmed.

*Schoonmaker & Fleming*, for appellant.

*Young & Lightner*, for respondent.

START, C. J.    The complaint alleged that the plaintiff sold and delivered to the defendant a car load of lumber for $202.46, which sum it agreed to pay in 60 days.    The answer admitted this cause of action, and alleged as a counterclaim that the plaintiff sold and agreed to deliver to the defendant a certain lot of lumber for the

[1] Reported in 69 N. W. 215.    [2] G. S. 1894, § 4210.

66 M.—29

price of $7,102.50, and delivered one car load thereof, being the same lumber mentioned in the complaint; that the plaintiff, without default on the part of the defendant, refused to deliver the balance of the lumber, though requested so to do, to the damage of the defendant in the sum of $1,341. The reply was a general denial. Verdict for the plaintiff for the amount claimed, and defendant appeals from an order denying its motion for a new trial.

In support of its counterclaim, the defendant offered evidence tending to show a verbal contract for the sale of a lot of lumber of the value stated in the answer, and then, for the purpose of proving its alleged damages, sought to show the difference between the alleged contract price and the market price of the lumber at the time the plaintiff refused to deliver it. This evidence was objected to as incompetent and immaterial. The trial court excluded it for the reason (suggested by the court) that the damages sought to be proved were special, and could not be shown under the ad damnum clause of the answer. The reason assigned for the ruling was erroneous. The damages sought to be proved were general, not special, and were properly pleaded. Ennis v. Buckeye Publishing Co., 44 Minn. 105, 46 N. W. 314.

But it conclusively appears from the evidence in the case, received before and after this ruling was made, and while the defendant and its counsel were present in court and taking part in the trial, that the alleged contract for the sale of the lumber was verbal, and within the statute of frauds. Thereupon the plaintiff moved the court to strike out the evidence tending to prove such verbal contract, and pending the motion the defendant and his counsel declined to take any further part in the trial, and left the court room. The court granted the motion, and directed a verdict for the plaintiff.

The existence of any contract for the sale of the lumber in question was in issue, and it is admitted by the defendant that the alleged contract under which it claims was verbal; but the claim is made that one car load was delivered to and accepted by the defendant under the contract, and that it paid $200 on the purchase price. The evidence furnishes no warrant for either claim.

As to the first, it appears that the plaintiff had the lumber in question for sale, and gave a list thereof, with prices, to a lumber broker (Henry G. Ferguson) to sell. He interested the defendant

in the matter, and its president went from St. Paul, the location of defendant's business, to Stillwater, where the lumber was, and examined it, but did not enter into any contract to purchase. He did, however, buy a car load of lumber, to be shipped at once, which was selected partly from the lot offered for sale, and the balance from other lumber belonging to plaintiff. This car is the lumber mentioned in the complaint. As to purchasing the lumber in controversy, he stated to the plaintiff's superintendent that he would return to St. Paul and consult his company, and let the plaintiff know whether he would take the whole lot. The next day he notified Ferguson that the defendant would take the lumber. The parties then attempted to make a written contract for the sale of the lumber, but disagreed as to its terms, and none ever was made.

To take a parol contract for the sale of goods of the value of $50 or more out of the statute of frauds by an acceptance of a part thereof, there must be a delivery by the seller, and the purchaser must receive and accept a part of the goods contracted for, pursuant to the contract. Shindler v. Houston, 49 Am. Dec. 316, 327; Russell v. Wisconsin M. & P. R. Co., 39 Minn. 145, 39 N. W. 302. In this case the contract for the one car of lumber was a special one, and when the lumber was selected, prices agreed upon, and it was ordered shipped, and delivered, there was no contract, verbal or otherwise, as to the lumber in question. The claim that the sale was taken out of the statute by a part payment rests only on evidence tending to show that the defendant made its check for $200, payable to the order of the plaintiff, which was deposited with Mr. Johnson, a partner of Ferguson. There is no evidence that Johnson was authorized to act in any way for the plaintiff in receiving payment for its lumber. The check was afterwards tendered to the plaintiff and refused. The check was returned to the defendant. It was never in the hands of the plaintiff. The mere tender of earnest money is not sufficient to take the case out of the statute. It must be accepted by the seller as part payment on the contract. Browne, St. Frauds, § 342b.

The defendant having no enforceable contract, it had no claim for damages; hence the evidence offered to prove them was immaterial.

Order affirmed.