### HANSON v. SMITH et al.

(Circuit Court of Appeals, Ninth Circuit. May 2, 1899.)

### No. 471.

1. PLEADING—VARIANCE.

Where plaintiff in an action for damages counts on the loss of profit on a sale of property which he alleges he had, made, but was prevented from consummating by reason of defendants' breach of a contract to sell him the property, and in compliance with an order of court files a bill of particulars, setting out the name of the person to whom he had made the sale, and its terms, he is not entitled to introduce evidence of a different sale to another person.

2. CONTRACTS—BREACH—FORFEITURE OF OPTION.

Plaintiff, who had secured from defendants an option to purchase from them an interest in certain mining claims at the expiration of nine months, agreeing to prosecute development work on the claims meantime, expending a certain sum, and that, if work ceased thereon for 30 days, the option should be forfeited, hired two of the defendants to work on the claims. Shortly after they had commenced work, and while he was indebted to them for wages, he left them with a small amount of supplies, promising to return in three weeks. He did not return, or send them either money or supplies, and they heard nothing from him for about three months. A month after he left, they suspended work, and, after the expiration of 30 days, declared the option forfeited. *Held*, that their action was justified.

In Error to the Circuit Court of the United States for the Eastern Division of the District of Washington.

The plaintiff in error brought an action against the defendants in error for damages for breach of an option to purchase certain mining property. The complaint alleged: That on August 24, 1895, the defendants in the action, in consideration of the sum of $1, gave to the plaintiff therein, under their hands and seals, a written option to purchase a three-fourths interest in the Shylock and the Hamlet mineral claims, situate near Mark creek, in British Columbia, for the sum of $12,000, to be paid on June 1, 1896. The instrument contained the stipulation that: "The party of the second part [the plaintiff] take possession of and commence developing said mining claims, and continue work thereon during the life of this agreement, which said work is to be paid for by

the party of the second part or his agent, and, further, that this agreement is made for the period of nine months, if not suffered to lapse through noncompliance with its conditions, or surrendered voluntarily, before its expiration. Suspension of work on or about the mining claims for more than one month at any time during the life of this bond, unless agreed to by the parties of the first part, shall be deemed a forfeiture of this agreement or bond." That on the same day the plaintiff entered into an agreement with two of the defendants, Smith and Cleaver, whereby he employed them to enter upon the work of developing and mining as required in the first agreement, and promised to pay them therefor $3 per day while so employed. That in pursuance of said contract the plaintiff furnished said defendants the necessary tools to carry on said work, and advanced them provisions of the value of $25, and that about the middle of the month of September, 1895, he returned to his home, in Colorado, intending to be absent about three weeks. That he was unable to return within that time, and so advised Smith and Cleaver by a letter written from the city of Spokane. That on November 26, 1895, he again wrote them, requesting an immediate report of their expenditures upon the mine. To this letter he received an answer dated December 31, 1895, advising him that Smith and Cleaver had quit their work on the mine October 18, 1895, and on November 19, 1895, had filed a notice declaring that the agreement had lapsed. That prior to the receipt of notice of the said forfeiture the plaintiff had contracted and arranged for the sale of said mining property upon terms which would have resulted in a profit to him of $50,000, and that by declaring the contract forfeited a cloud was cast upon his right to sell the property, and he was unable to effect a sale thereof, to his damage in the sum of $50,000. The defendants in the action moved on May 17, 1897, that the plaintiff be required to furnish a bill of particulars showing to whom he made the sale of the mining property, and the terms thereof, and on the same day the motion was allowed by the court. On February 10, 1898, the defendants moved for an order to dismiss the action for the failure of the plaintiff to file the bill of particulars. On February 28, 1898, a bill of particulars was filed, in which it was stated that the sale was to be made to E. A. Pennington, and was agreed upon in February, 1896, and that the price to be paid was $12,000, in addition to which the plaintiff was to receive $2,000 in cash, and a one-fourth interest in the property. On the trial of the cause, upon the close of the evidence the jury were instructed by the court to return a verdict for the defendants. Among other evidence offered by the plaintiff was a proffer of proof of a contract of sale, not in writing, made to one Schlesinger, which, upon objection, was excluded by the court; the court ruling that the plaintiff must confine his proof to the one sale which he had pleaded, and that he could not have been damaged by the failure of any other sale. The court also ruled that "if the plaintiff, at the time he bargained for the property, had in mind some one to whom he could go and sell the property for a big price, and the defendants knew nothing about it, and were entirely ignorant of his opportunities for realizing on the property, that the plaintiff would not have a right to recover from the defendants the amount of such profits, which were known to him and unknown to the defendants." These rulings are the principal assignments of error.

C. S. Thomas, W. B. Heyburn, E. M. Heyburn, and L. A. Doherty, for plaintiff in error.

Blake & Post, for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

GILBERT, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The question of the admissibility of the offered proof of the oral contract of sale to Schlesinger was one which rested in the sound discretion of the trial court, and we discover no ground for holding that discretion was abused. The plaintiff had filed a complaint in

which it was stated that the wrongful conduct of the defendants in declaring the option forfeited was the cause of his failure to make an advantageous sale of the property. The defendants had the right to require that he specify the purchaser, and the date and the terms of the sale, and the court so ordered. After many months of delay, this information was finally furnished, and on the issues so tendered the parties went to trial. The plaintiff failed to prove a contract of sale to Pennington. He then offered proof of a verbal contract to sell to Schlesinger. If he had such a contract, he knew it at the time when his complaint was filed and the issues were formed, and it was his duty then to have disclosed his intention to rely upon it. There could be damages but for the loss of one sale. The plaintiff had pleaded such a loss, and he had specified it as the loss of the sale to Pennington. The offer of evidence of another sale came too late, and the court properly excluded it.

From the view which we take of the issues, and of the evidence which is contained in the bill of exceptions, we do not deem it necessary to discuss further the assignments of error. The option which the plaintiff obtained from the defendants contained the stipulation that his failure to perform work upon the mine for the period of one month during the life of the option should operate to forfeit the same. The agreement which accompanied the option provided that the plaintiff should expend upon the mining property during the nine months of the option $1,500, which is an average of $166.66 per month. Smith and Cleaver were employed to begin the work under this agreement, and began it in the latter part of August, 1895. The plaintiff fitted them out with tools and provisions to the extent of $70. About the middle of September he left them, promising to return in three weeks. He never did return. He testified that he wrote them a letter from Spokane, at a date not stated, inquiring about the progress of the work, but did not state that he wrote anything about furnishing them supplies, or that he asked them for a bill of what was due them. On November 26th he wrote, informing them that he had been ill, and asking what amount was due them for labor, and what supplies they had had to purchase. This letter was received some two or three weeks later. In the meantime Smith and Cleaver had, on October 18th, quit work, and a month later had declared the option forfeited, according to the stipulation which it contained. The plaintiff did not testify that he had any contract or understanding with them whereby they were to work for him while he was away, or that they were to work for him longer than during the three weeks of his proposed absence. Up to the date of their receipt of the letter of November 26th, they had received no information from him to indicate that he intended to pay their wages or to furnish them supplies. At the time when the plaintiff left them, he already owed them $15 or $20 for work; and when they quit work they had been engaged nearly two months, during which they had received nothing except the first outfit of tools and provisions. Under the circumstances, we think the option was forfeited, and that the defendants had the legal right to so declare, and that on November 19, 1895, if not before, that instru-

ment became canceled. The sale which was claimed to have been made to Pennington was not made, according to the evidence, until March, 1896, which was some time after the plaintiff had received notice that the option was forfeited. Up to that date the plaintiff had still made no tender of payment of any sum to Smith and Cleaver for work, nor had he employed any one in their place to keep up the work which the option called for. At that date he had no interest in the option upon which damages could be predicated, and upon that ground alone the court would have been justified in directing the jury to return a verdict for the defendants. The judgment will be affirmed.