RATHBORNE, HAIR & RIDGEWAY COMPANY v. W. P. WHEELIHAN and Another.[1]

December 17, 1900.

Nos. 12,389—(162).

**Breach of Contract—Prospective Damages.**

All damages, present and prospective, resulting from the total breach of an executory contract for the sale of property, may be recovered in a single action; the complaint therein containing appropriate allegations.

**Same—Pleading.**

Recovery of such prospective damages may be had under a general allegation of damages in the complaint.

**Same—Damages Itemized.**

Where, however, the complaint in such an action contains no general allegation of damages, but specifically itemizes the breaches of the contract complained of, and alleges that by reason of such specific breaches plaintiff has been damaged in a stated amount, recovery must be limited to the particular damages so claimed.

Action in the district court for St. Louis county to recover $21,000 damages for breach of contract of sale. The case was tried before Ensign, J., and a jury, which rendered a verdict in favor of plaintiff for $4,586.67. From an order denying a motion for a new trial, defendants appealed. Reversed.

*J. L. Washburn, W. D. Bailey* and *George P. Knowles*, for appellants.

*Greene & Wood,* for respondent.

BROWN, J.

Brushing aside some matters of minor importance, this case narrows down to one to recover damages for the breach of an executory

[1] Reported in 84 N. W. 638.

contract for the sale of certain lumber. The cause went to trial upon issues as presented by an amended complaint, plaintiff had a verdict, and defendants appeal from an order denying a new trial.

Defendants entered into a contract with plaintiff by the terms of which they agreed to sell and deliver to plaintiff certain lumber, to be manufactured by them during the season of 1899,—one million feet of No. 3 boards, and all the boards of grade No. 4 they should manufacture, estimated at eighteen hundred thousand. The contract provided that the lumber should be manufactured and piled in the dock yards of the West Superior Lumber Company, and shipped therefrom by plaintiff whenever the quantity on hand exceeded five hundred thousand feet. Monthly estimates were to be made by certain persons named in the contract on the last of each month, which estimates were made the basis on which payments of the purchase price were to be made. A definite price was fixed and agreed upon, and was to be paid by plaintiff's ninety-day notes, given each month upon the estimate so made and furnished. A cash price was agreed upon, but is not important here. The contract was entered into in March, and on the last day of June following defendants had manufactured and ready for delivery under the contract the entire quantity of No. 3 lumber, namely one million feet, and one million twelve thousand forty feet of No. 4. An estimate thereof was made on July 9. It should have been made the last day of June, but was delayed at the request of defendants. Before plaintiff had an opportunity to tender or offer payment, as by the contract required, on the claim that plaintiff had failed to perform, defendants, on July 13, gave notice that they cancelled and rescinded the same, and thereafter refused to comply with it. Upon receipt of the estimate, plaintiff tendered a promissory note for the price of the lumber, but defendants refused to accept it or deliver the lumber, and this action followed.

The amended complaint is open to some of the criticisms indulged in by counsel for defendants, but is clearly sufficient to warrant a recovery for the breach of an existing executory contract. There is no question as to the making of the contract; no claim that plaintiff had abandoned or waived a compliance with it; and no serious question that plaintiff had failed in its performance at any time

prior to the date when defendants expressly refused to carry it out. Neither is there any claim that any act on plaintiff's part gave defendants the right to rescind. The contract gave them no arbitrary right to do so, and it must follow that their attempt at rescission amounted to nothing more than a breach of the contract. That plaintiff is entitled to recover there is no doubt. Defendants interposed no defense on the trial, except to insist, as they had the undoubted right to do, that the rules and principles of law applicable to the questions presented by the pleadings be followed and applied. The only questions which require special mention on this appeal go to the construction of the complaint and the measure of damages.

Defendants contend that plaintiff is not entitled to prospective damages under the complaint, and that the trial court erred in permitting recovery therefor. It is firmly settled in this state that for the total breach of an entire contract a recovery may be had for all damages suffered, both present and prospective. Ennis v. Buckeye Pub. Co., 44 Minn. 105, 46 N. W. 314; Bowe v. Minnesota Milk Co., 44 Minn. 460, 47 N. W. 151. This rule is not questioned by defendants, but they insist that no claim for prospective damages is made by the complaint; that no allegations are contained therein from which an intention to claim such damages may be inferred; but, on the contrary, that the allegations of the complaint expressly limit plaintiff's claim for damages to the failure of defendants to deliver the lumber manufactured and on hand ready for delivery at the time of the attempted cancellation of the contract, namely, two million twelve thousand forty feet. In this contention defendants must be sustained.

While it is true that recovery may be had for both present and prospective damages in actions of this nature, and that as a rule a general allegation of damages is sufficient to sustain such a recovery, prospective damages cannot be recovered unless expressly claimed, or by fair intendment included within the substantive allegations of the complaint, so as fairly to apprise defendants that such is in fact the nature of plaintiff's cause of action and claim. Where, in such an action, the complaint contains no allegation of general damages, but alleges the failure to deliver a particular item

of property covered by the terms of the contract, or any specific breach thereof, and asks for damages for the special breach pleaded, no recovery can be had for other than the particular breaches complained of. Bowe v. Minnesota Milk Co., supra; 5 Enc. Pl. & Pr. 711; Missouri v. Byas, 9 Tex. Civ. App. 572, 29 S. W. 1122; Stewart v. Baltimore, 33 W. Va. 88, 10 S. E. 26. There is no allegation in the complaint in this action upon which to base a recovery of prospective damages. On the contrary, a fair construction of the complaint shows clearly that plaintiff sought a recovery for such damages only as resulted from the failure of defendants to deliver the two million twelve thousand forty feet of lumber on hand and ready for delivery at the time of the attempted cancellation of the contract, July 13, and the court below should have charged the jury accordingly. The complaint contains no general allegation of damages.

The learned trial court charged the jury that the measure of damages was the difference between the contract price of the lumber and the market value thereof at the time the contract ought to have been performed, and stated such time of performance to be within sixty days after the lumber had been manufactured, estimated, and piled in the docks ready for delivery. The charge, except as to time, was correct. Plaintiff offered evidence tending to show the market value of lumber of the character of that involved in this action during the months of July and August, on the theory that defendants had the time covered by those months in which to perform the contract by the delivery of this particular lumber. Defendants insist, and proper exception was saved, that by the terms of the contract the lumber should have been delivered at the time of the estimate upon payment therefor by plaintiff. Counsel are right in this contention also.

It is very clear that defendants did not have sixty days after the estimates had been made and payment tendered in which to deliver the lumber. If they had accepted plaintiff's tendered payment after the estimate had been made, the title to the lumber would have passed to plaintiff at once. The fact that plaintiff was required to ship the lumber after an accumulation of five hundred

thousand feet has no bearing whatever upon the title to the lumber or time of delivery. It is certain by the terms of the contract that a delivery and passing of title was contemplated by the parties to take effect at the time of making the estimate and the payment by plaintiff. The provisions of the contract requiring shipment within sixty days amount to nothing more than a permission to store the lumber until the quantity stated was in piles on the dock. The lumber should have been delivered at about the time defendants attempted to annul the contract,—July 13. The estimates were delivered to plaintiff at about that time, and plaintiff's damages should have been determined as of about that date.

No other questions argued by counsel need be considered. The record presents no reason for doubting the right of plaintiff to a substantial verdict, and we regret that there must be a reversal. If the evidence was conclusive on the question as to the difference in value of the lumber at about the date as of which plaintiff's damages should be assessed we would order judgment for the proper amount, and thus avoid remitting the cause for a new trial; but there is conflicting evidence on that point, and a reversal is unavoidable. And, that there may be a speedy determination of the action, a reversal will be ordered, and the cause remanded, with directions to the court below to retry the question of damages only, and in accordance with the views herein expressed.

Order reversed.