JONES v. NIX. (No. 702.)

(Court of Civil Appeals of Texas. Amarillo. Jan. 2, 1915. On Motion for Rehearing, Feb. 6, 1915. Second Motion for Rehearing Denied March 6, 1915.)

1. CANCELLATION OF INSTRUMENTS ⊚⟹35—RELIEF AWARDED—NECESSITY OF PARTIES.

Where, in a suit on a note secured by a deed of trust, recovery is denied because held as collateral security for a void railroad note, and it was shown that a receiver of the railroad was discharged, and the assets ordered paid to the directors and president as trustees, cancellation of the note and deed of trust cannot be had in absence of the trustees as parties, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 6630, 6631, if the property had vested in them or the receiver if he still had control.

[Ed. Note.—For other cases, see Cancellation of Instruments, Cent. Dig. §§ 55–64; Dec. Dig. ⊚⟹35.]

2. APPEAL AND ERROR ⊚⟹722 — ASSIGNMENT OF ERROR—MULTIFARIOUSNESS.

A multifarious assignment of error cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2990–2996; Dec. Dig. ⊚⟹ 722.]

3. TRIAL ⊚⟹252—INSTRUCTIONS—APPLICABILITY OF EVIDENCE.

A requested charge not applicable to the facts is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. ⊚⟹252.]

4. DEPOSITIONS ⊚⟹83—INTEREST OF OFFICER—ATTORNEY.

That an officer taking depositions had represented deponents as attorney in other suits is not ground for quashing them.

[Ed. Note.—For other cases, see Depositions, Cent. Dig. §§ 219–226; Dec. Dig. ⊚⟹83.]

5. EVIDENCE ⊚⟹501 — OPINION EVIDENCE — SANITY—STATEMENT OF FACTS.

A nonprofessional witness cannot give his opinion as to sanity unless he states the facts on which the opinion is based.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2292–2305; Dec. Dig. ⊚⟹501.]

Appeal from District Court, Dallam County; D. B. Hill, Judge.

Action by Charles R. Jones against I. C. Nix. From a judgment entered on an instructed verdict for defendant, plaintiff appeals. Affirmed in part and reversed and remanded in part.

Moore & Powell, of Dalhart, and Del W. Harrington, of Amarillo, for appellant. Crudgington & Works, of Amarillo, for appellee.

HALL, J. Inspection of the record shows that the same questions are involved here as were considered and decided in the case of Charles R. Jones v. D. A. Abernathy, 174 S. W. 682, in which an opinion was handed down November 21, 1914. Here the suit was by Jones against Nix upon one of the collateral notes mentioned in the Abernathy Case. The court peremptorily instructed the jury to return a verdict for the defendant. Judgment was entered accordingly.

We have reviewed the authorities cited in the briefs of the parties. Having heretofore held in the Abernathy Case that, by reason of the provisions of the stock and bond law (Vernon's Sayles' Civil Statutes, arts. 6717 to 6732), the original note for $28,000 was absolutely void, and that appellant, as the holder of the collateral notes, was not entitled to recover against the several makers thereof, because the invalidity of the principal debt bars all right of the holder thereof to collect the collaterals in his hands, the judgment is affirmed.

HENDRICKS, J., not sitting.

On Motion for Rehearing.

HALL, J. [1] The final judgment in this case denies appellant, Jones, the right to recover upon the note and foreclose the deed of trust, on the one hand, and cancels the note and deed of trust as a cloud upon defendant's title to the land, on the other. A reconsideration of the record forces us to the conclusion that the judgment, in so far as it denies Jones the right to recover, should be affirmed, and that portion which decrees the cancellation of the note and deed of trust must be reversed and remanded for the want of necessary parties. It does not appear from this record that the railroad had been sold, but, by the order of the district court discharging the receiver, he is directed to deliver to the directors and president of the road, as trustees, all the property remaining in his hands undisposed of at the date of the order. If the road was still in the hands of the receiver at the date of the final judgment, he should have been made a party to the suit, and, if the property had vested in the manager and directors of the railway corporation, then by the provisions of Vernon's Sayles' Civil Statutes, arts. 6630, 6631, they, as trustees, were necessary parties defendant before the court could adjudicate the validity of the note and deed of trust. Having arrived at this conclusion, it is necessary for us to dispose of appellant's remaining assignments of error.

It appears from the record that the $28,000 note held by appellant was secured by the collateral note in issue here, and also by a deed of trust upon appellee's land. For the reasons stated in our original opinion, and more fully set out in our opinion in the case of Jones v. Abernathy, 174 S. W. 682, we overrule appellant's first four assignments of error.

[2] The fifth assignment is multifarious, and too general to entitle it to consideration.

[3, 4] Appellant requested a special charge upon the issue of waiver by appellee in renewing the note, which was refused. We think the charge does not state the law applicable to the facts. The court did not. err in refusing to quash the depositions of Walstadt, Blodgett, Abernathy, and Cooper. It was shown that Correll, the officer who executed the commission, had never acted as attorney for appellee in this case, though he had represented him in other suits. M., K. & T. Ry. Co. v. Byas, 9 Tex. Civ. App. 572, 29 S. W. 1122.

[5] Appellant urges the proposition that a nonprofessional witness cannot give or state his opinion as to the sanity of a party unless the same is accompanied with a statement of facts upon which the opinion is based. While this is true, we find from an examination of the statement of facts that the rule has been complied with, and the court did not err in overruling appellant's objections.

For the reasons above stated, the judgment is affirmed in part and reversed and remanded in part.

HENDRICKS, J., not sitting.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes