## BOSWORTH v. VAN LANINGHAM.

### In re KENTUCKY RURAL CREDIT ASS'N.

(Circuit Court of Appeals, Eighth Circuit. October 29, 1923.)

No. 6143.

1. **Bankruptcy** ⬅278—**Action by trustee held in right of bankrupt.**

In an action by the trustee in bankruptcy of a corporation to recover damages alleged to have been sustained by the corporation before bankruptcy, plaintiff stands in the shoes of the corporation and can recover only in its right.

2. **Corporations** ⬅79—**Petition held not to state cause of action for damages against agent for sale of stock.**

The petition in an action by the trustee in bankruptcy of a corporation against an agent of the corporation, who sold its stock on terms pre-

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

scribed in his contract of agency, and also in accordance with the terms of the contract, retained the initial payment as his commission, to recover the amount of such commissions on the ground that his misrepresentations to purchasers of the stock had caused damage to the corporation to that extent, *held* not to state a cause of action where it alleged no facts showing how, or to what extent, if any, the corporation had sustained damage.

In Error to the District Court of the United States for the Western District of Missouri; Arba S. Van Valkenburgh, Judge.

Action at law by Clifford C. Bosworth, trustee in bankruptcy of the Kentucky Rural Credits Association, against Otto L. Van Laningham. Judgment for defendant, and plaintiff brings error. Affirmed.

L. C. Boyle, of Kansas City, Mo. (A. M. Baker, of Huntsville, Ala., and J. G. L. Harvey and James A. Reed, both of Kansas City, Mo., on the brief), for plaintiff in error.

William Thomson, of Kansas City, Mo. (George K. Brasher, of Kansas City, Mo., on the brief), for defendant in error.

Before SANBORN, Circuit Judge, and BOOTH and FARIS, District Judges.

SANBORN, Circuit Judge. The question in this case is: Does the petition state facts sufficient to constitute a cause of action against the defendant? This question was raised by a general demurrer, which was sustained by the court below. The facts stated in the complaint that are material to the determination of the issue are these:

In September, 1914, the Kentucky Rural Credit Association was incorporated under the laws of Delaware for the ostensible purpose of selling its capital stock and loaning money to farmers on long time at low rates of interest upon promissory notes and bonds secured by mortgages. The par value of its shares of stock was $50. On October 2, 1914, it made a contract with the defendant below, Otto L. Van Laningham, to the effect that he should sell its stock to applicants for $100 per share, payable 25 per cent. in cash, 25 per cent. in 90 days, 25 per cent. in 9 months, and 25 per cent. in 15 months; that for his services he should receive a sum equal to the amount of the initial cash payments on the stock so sold by him and should retain such initial cash payments in payment for his services. In accordance with this contract he sold 8,036½ shares of the stock of the corporation, and there was paid to him for the sale of that stock, according to the terms of his contract, $200,912.50.

On May 10, 1917, the association was adjudged bankrupt. Clifford C. Bosworth became the trustee in bankruptcy of its estate, and brought this action as such to recover from the defendant $200,912.50 damages, which he alleged the defendant had inflicted upon the association by receiving and retaining the initial payments on the sales of stock he sold pursuant to his contract. In his petition the trustee alleged, in addition to the facts already stated, that the defendant, in selling the stock, knowingly, intentionally, and fraudulently made many false statements and representations relative to the character, responsibility, and purposes of the association; that he selected and elected, or caused

to be selected and elected, directors and officers of the association, who would and did do his bidding; that through them he controlled and directed the affairs, business, and operation of the corporation, and caused the corporation to make the contract with him; that he did all these things for the purpose of securing to himself the initial payments on the stock he sold and making the corporation bankrupt; that he accomplished that purpose, and that by his collection and retention of the initial payments, which aggregated $200,912.50, he damaged the corporation in that amount, and made it insolvent and bankrupt.

[1] In this action the trustee stands in the shoes of the bankrupt corporation. If his petition does not set forth probative facts sufficient to have constituted a cause of action against the defendant in favor of the corporation, if that corporation had not been adjudged bankrupt, it states no cause of action in favor of the trustee.

[2] It is a familiar rule of pleading that probative facts sufficient to constitute a cause of action must be alleged, and that allegations of the legal conclusion of the pleader will not take the place of an averment of such facts. Laying aside the bald allegation of the pleader's legal conclusion that the collection and retention of the initial payments damaged the corporation to their amount, no facts seem to have been alleged from which any damages to the corporation are logically inferable from that collection and retention.

The contract required the defendant to sell each share of stock, the par value of which was $50, for $100—25 per cent. thereof to be paid in cash at the time of the subscription, 25 per cent. within 90 days, 25 per cent. within 9 months, and 25 per cent. within 15 months from the dates of the applications to purchase it. The complaint contains averments that the defendant procured subscriptions for 8,036½ shares of the stock, and collected and retained for his services the initial cash payments, $200,912.50. The natural and logical inference from these averments is that he sold these shares to the subscribers on the terms specified in his contract with the corporation, and vested in it as obligee the contracts of the subscribers to pay to it the three-fourths of the purchase price of the shares he sold, which amounted to $602,737.50, and that a part or all of this amount has been collected by the corporation or its trustee. There is no presumption or logical inference that any damage resulted to the corporation from this sale of its stock, the vesting in it of the contracts of the subscribers to pay this $602,737.50 to it, and the collection and retention of the $200,912.50 by the defendant in accordance with the terms of his contract. The corporation had no substantial property when it made its contract with him, and, after he sold the stock and collected and retained his commissions, it had the obligations of the subscribers to pay to it three-fourths of the purchase price of their shares, or in lieu thereof, their payments thereon.

The averments of the fraudulent scheme and of the misrepresentations in selling the stock are clearly insufficient to charge the defendant with damages to the amount of the defendant's commissions, $200,-912.50, and the receipt and retention by the defendant of these commissions is the only damage alleged. It is possible that some of the

subscribers were induced to buy stock by the defendant's misrepresentations, that they have refused to pay their subscriptions, or that they have procured judgments or decrees, or proved claims against the corporation on account of the deceit or misrepresentation. But nothing of that nature is alleged in the petition, none of the subscribers are parties to this action, and neither that possibility, nor any damage to the corporation that may have arisen from it can be here considered. The allegations of damages in the complaint present no claim for any damage of that nature. They are limited to the damages to the corporation caused by the collection and retention by the defendant of his $200,912.50 commissions for the sale of the stock. They aver that there was—

"paid to the defendant for the sale of stock of said corporation, under its contract with him, the sum of $200,912.50, as a result of which the said corporation became insolvent, and was adjudged a bankrupt and destroyed. Plaintiff states that by reason of the matters and things aforesaid, the defendant has damaged the said Kentucky Rural Credit Association in the amount of commissions received and retained by him, in, to wit, the sum of $200,912.50."

And the trustee prays for that specific sum and interest thereon from the time of the filing of the complaint. It is indispensable to the statement of a good cause of action for damages against the defendant that the plaintiff set forth probative facts in his petition which, if they were proved, would entitle him to the relief he seeks or some part of it. Such a statement is indispensable to enable the defendant intelligently to answer the complaint and prepare for the trial and to enable the court to direct the trial to material issues and prevent unjust results. If all the averments of probative facts contained in the petition were true, they would not sustain a verdict or judgment for damages against the defendant for the $200,912.50 and interest, or any part of it, for which the plaintiff prays, because they have utterly failed to show that the defendant's receipt and retention of these commissions inflicted the alleged damages upon the corporation.

Counsel for the defendant made a motion to strike out a reply statement and brief for the plaintiff, but the court has concluded to deny that motion and has read and considered all the briefs and arguments. The cases of Hoffman v. Toft et al., 70 Or. 488, 142 Pac. 365, 52 L. R. A. (N. S.) 944, and Northrop v. Hill, 57 N. Y. 351, 15 Am. Rep. 501, upon which counsel for the plaintiff seemed to place much reliance, would be persuasive if this was an action against the association and the defendant, or either of them, by a subscriber for the stock who had been induced by material false representations to agree to buy it to his damage. But this is not a case of that nature, and neither of those cases, nor the numerous other authorities cited by counsel for the plaintiff, have convinced us that the court below was in error in its conclusion that the probative facts alleged in the petition were insufficient to warrant or sustain the conclusion that the receipt and retention by the defendant of the initial cash payments in payment of his commissions, in accordance with the terms of his contract, inflicted damages upon the association to their amount or any part of it.

The motion to strike out the reply, the reply statement, and brief for the plaintiff in error must be denied, and the judgment below must be affirmed; and it is so ordered.

---

⬅➡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes