## PACIFIC COIN LOCK CO. v. COIN CONTROLLING LOCK CO.

Circuit Court of Appeals, Ninth Circuit.
March 4, 1929.

No. 5658.

Newby & Newby and Nathan Newby, all of Los Angeles, Cal. (Nathan Newby, Jr., of Los Angeles, Cal., of counsel), for appellant.

Clyde H. Jones and D. M. Patrick, both of Indianapolis, Ind., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. On February 23, 1915, appellee entered into a continuing contract with one Garrison conferring upon him the right to use and rent in California and Texas coin controlled locks which it manufactured and upon which it held letters patent. One of Garrison's obligations was an annual rental charge at the rate of $10 per lock, one half to be paid on the 1st day of January and the other half on the 1st day of July of each year, beginning with January 1, 1915. On the day it was executed, the contract was, with appellee's consent, assigned by Garrison to the appellant, who thus succeeded to all his rights and obligations thereunder. The contract being in force, appellant on January 1, 1923, paid one-half the stipulated rental for that year for locks on hand. On April 23, 1923, it notified appellee that it had terminated the contract and surrendered the 604 locks of which it then had possession. Thereupon appellee promptly commenced this action to recover damages in a large amount for alleged breaches of the contract. The cause finally came to issue upon a second amended complaint, the answer thereto in which a counterclaim was set up, and a reply to this counterclaim. Jury trial was waived, and after hearing the evidence the court filed findings and conclusions adverse to the counterclaim and to all the several claims of damages pleaded by appellee; but, the view being taken that the payment of one half of the annual rental on January 1, 1923, operated automatically to renew the contract for the entire year, it was held that appellee was entitled to recover at the stipulated rate for the other half, and accordingly judgment went in its favor for $3,020.

We are of the opinion that the judgment must be reversed for the reason that it was given for a cause not within the issues. It is elementary that to be recovered damages must be pleaded. Under the Conformity Act (28 USCA § 724), the case should have proceeded under the practice obtaining in the California courts, which is in accord with the general rule. Bancroft's Code Pleading, § 158; 21 Cal. Jur. §§ 181, 185.

In the second amended complaint appellee specifies six different particulars in which appellant is alleged to have breached the contract, but nowhere is it even intimated that it failed to pay rentals or that there was any sum due on that account, nor were any facts alleged from which it could be inferred that any such contention would be made at the trial. To the contrary, the pleading by implication clearly negatives such a claim. Immediately following the averments of the several alleged breaches are allegations of three distinct sources or items of damages, namely: (1) Damages in the amount of $100,000 on account of the alleged failure of appellant to assign to appellee contracts made by the former with numerous users of the locks, which, under the contract in suit, were to be turned over to appellee; (2) $4,575 as being the value of 183 locks at $25 each, which appellant declined, so it is alleged, to surrender; and (3) $25,000 on account of the value of coins alleged to have been in the lock receptacles at the time the contract was breached, and which, under the terms thereof, were to be the property of appellee. And the prayer is specifically for these three several items and nothing else. True, there is a prayer for "other and further relief," but with or without this general prayer the court could grant only such relief as under some view of the law could be predicated upon the alleged facts. Here, as already noted, not only was there a complete failure to allege facts disclosing a default in the payment of any rent, but appellee expressly specified the particular damages it claims to have suffered, and under the general rule that, having specified the source and kind of damages he seeks to recover, a plaintiff cannot at the trial change his position, it is bound by these specifications. In any other view a complaint would not only be useless as a means of advising the defendant of the issues he must meet, but would be misleading and would constitute a trap. 17 C. J. 1021, 1022; Rathborne et al. v. Wheelihan, 82 Minn. 30, 84 N. W. 638; Hanson v. Smith (C. C. A.) 94 F. 960.

It is to be added that we do not have a case where there is a general allegation of

damages which defendant did not seek to have made more definite or there is an allegation of general damages, or where damages have been imperfectly pleaded, or where the appellant fails seasonably and appropriately to object to the evidence as not being relevant to the issues, or where both parties tried the cause upon the theory upon which it was decided. That in drafting its complaint plaintiff had no thought of recovering rental on the 604 locks for the last six months of 1923 is too clear to admit of controversy. The suit was commenced in May, whereas the obligation to pay such rental would not under any theory have matured prior to July 1st; and in its pleading appellant made no reference to these locks, the return of which it had accepted in April, but only claimed damages for the value of 183 locks for which it alleged appellant had failed to account. True, in responding to plaintiff's contention that it was entitled to all the coins contained in the lock receptacles on April 23, 1923, and the allegation made in connection therewith that it would be "impracticable and extremely difficult to fix the actual damages so fixed as liquidated damages," defendant averred "that the only damages which the said plaintiff in any event would be entitled to recover would be the value of the locks not returned to it, and the rental value of the said locks used by the defendant while in its possession." But this only suggests a question of law in respect of that item of appellee's claim and in no respect alleges the state of facts which was made the basis of the judgment entered, or tenders any issue of fact involved therein.

The record apparently presents no other question which upon another trial may not have a different setting of fact, and hence our consideration need go no further.

Reversed, with directions to grant a new trial.