## FARMERS ELEVATOR SERVICE CO. v. HOGAN et al.

No. 5125.

District Court, W. D. Missouri, W. D. June 15, 1948.

J. Robertson Clagett, of Kansas City, Mo., and Alan Loth, of Fort Dodge, Iowa, for plaintiff.

P. H. Slattery and Guy W. Green, both of Kansas City, Mo., for defendants.

REEVES, District Judge.

The defendants seek a more definite statement on the specific ground that there are no averments of the complaint showing that the plaintiff has sustained damages because of an alleged breach of the several shipping contracts enumerated in the several counts of the complaint. In the alternative, the defendants ask that the complaint be dismissed for the reason that the facts as alleged are insufficient to constitute a cause of action.

It is charged by the plaintiff that at different dates and for different products or commodities it made oral purchases of the defendants by telephone. Such purchases were accepted by the defendants and later confirmed by written memoranda. In each instance the price to be paid for the commodity was named and set out in the written memoranda confirming the oral agreement. The purchase orders in each case were only partially filled.

There was no averment in the complaint on either count that the prices of commod-ities increased and were therefore higher at the date fixed for delivery but nevertheless the plaintiff asks for judgment for sums of money not deducible from the averments of the complaint. It is suggested by the defendants that the prices may have been lower and that the plaintiff might have been benefited rather than injured because of failure to deliver.

■ 1. It is a fundamental rule of pleading that a complaint must contain averments showing damages flowing from an alleged breach of contract. Bosworth v. Van Laningham, 8 Cir., 293 F. 875. (This was an opinion by the 8th Circuit Court of Appeals.) And the complaint must be sufficient to show damages by reason of the wrongful acts complained of. 25 C.J.S., Damages, § 130, page 745, 746. Furthermore, a complaint must show how the plaintiff sustained his damages. Pacific Coin Lock Co. v. Coin Controlling Lock Co., 9 Cir., 31 F.2d 38. See also B. F. Avery & Sons v. J. T. Case Plow Works, 7 Cir., 174 F. 147. And it is held by the text writers that it is not sufficient to allege damages as a mere conclusion of the pleader. 25 C.J.S., Damages, § 130, page 748.

■ It would follow from the above that the defendants' motion for a more definite statement should be sustained and the plaintiff required to point out in what way, when, and to what extent he was damaged by the claimed breach of the several shipping contracts.

■ 2. The motion to dismiss should be overruled on several grounds: (a) Under the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is sufficient to make an initial statement showing that the plaintiff is entitled to relief. In this case the defendants agreed to ship to the plaintiff several carloads of different commodities and there was a failure on their part to make such shipments. Clearly the complaint states a violation of such contracts. And (b), even though the wrong committed by the defendants may have been beneficial to the plaintiff, nevertheless he would be entitled to nominal damages. 25 C.J.S., Damages, § 14, page 470. And, furthermore, the law presumes dam-

ages from the breach of the contract. 25 C.J.S., Damages, § 6, page 465.

In the views expressed above, the motion to dismiss should be overruled and it will be so ordered.