## UNITED STATES v. FRIEDMAN.

### SAME v. NESBY.

(District Court, E. D. Pennsylvania. September 28, 1920.)

Nos. 87, 168.

1. **Intoxicating liquors** ⊜⇒248—**Affidavit held to show probable cause for· search warrant.**

An affidavit by a federal prohibition agent that he purchased intoxicating liquor on the premises of defendant, occupied as a saloon and dwelling, and stating the kind and quantity of liquor and the amounts paid, sets forth facts from which the commissioner can find probable· cause to believe that an offense had been committed against the National Prohibition Act, so as to authorize the issuance of a search warrant.

2. **Intoxicating liquors** ⊜⇒248—**Affidavit held to describe sufficiently place to be searched.**

An affidavit for a liquor search warrant, which described the place to· be searched by street and number, and stated that the premises were occupied as a saloon and dwelling, is sufficient.

3. **Intoxicating liquors** ⊜⇒247—**Search warrant under Prohibition Act not limited to cases of felony.**

National Prohibition Act, tit. 2, § 2, empowering officers mentioned in Rev. St. § 1014 (Comp. St. § 1674), to issue search warrants ·under the limitations of Act June 15, 1917, tit. 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v, 10212i), authorizes the issuance of search warrants for violation of the Prohibition Act, which are misdemeanors only, though section 2 of said title 11 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼b) provides for search warrants under· that act only in case of felonies.

L. Friedman and John N. Nesby were arrested for violation of the· National Prohibition Act. On petitions by defendants to have restored to them property taken from them under search warrants and to quash the search warrants. Petitions dismissed.

⊜⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Charles D. McAvoy, U. S. Atty., of Philadelphia, Pa.
Roy L. Daily, of Philadelphia, Pa., for defendants.

THOMPSON, District Judge. [1] The petitions in each case aver that the search warrants issued and the seizure thereunder are void and illegal, because the affidavit on which the warrant was issued does not set forth facts upon which the commissioner could find probable cause. The affidavits in each case are made by a federal prohibition agent and set out that the premises in each case are occupied as a saloon and dwelling, and that on a day and at an hour stated the affiant purchased intoxicating liquor, to wit, whisky, in one case two drinks and in the other case one drink, containing one-half of 1 per centum or more of alcohol, and the sum paid for the liquor is set out. These are facts, and upon such facts the commissioner could find probable cause to believe that an offense against the National Prohibition Act (41 Stat. 305) had been committed upon the premises.

[2] It is urged that the affidavit does not set forth with sufficient particularity a description of the property and the place to be searched. As the property is described by street and number, and it is stated that the premises are occupied as a saloon and dwelling, that is sufficient.

[3] It is further contended that the search warrants are not in compliance with the provisions for issuing search warrants under the Espionage Act of June 15, 1917 (40 Stat. 217), made applicable to the National Prohibition Act. Section 2 of title 2 of the National Prohibition Act provides:

"Section 1014 of the Revised Statutes of the United States is hereby made applicable in the enforcement of this act. Officers mentioned in said section 1014 are authorized to issue search warrants under the limitations provided in title XI of the act approved June 15, 1917 (Fortieth Statutes at Large, page 217 et seq.)."

One effect of this section is to grant power to issue search warrants under the limitations provided in title 11 of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼a–10496¼v, 10212i) to other officers in addition to those named in title XI. It is contended that one of the limitations in title XI is that the property to be seized under the search warrant "was used as the means of committing a felony."

Section 25 of title 2 of the National Prohibition Act further provides:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of public law numbered 24 of the Sixty-Fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof."

If the language of section 2 providing that search warrants may be issued under the limitations provided in title XI of the Espionage Act is to be construed as contended by counsel for petitioners, the issuing of search warrants could not be made applicable to the National Prohi-

bition Act so as to carry its purpose into effect. Under title XI, section 2, of the Espionage Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 10496¼b) there are three subparagraphs reciting grounds upon which search warrants may be issued under that title. Surely the act cannot be read into the National Prohibition Act in such manner as to restrict the issuing of search warrants to the grounds upon which they may be issued under the Espionage Act. I think counsel has confused the grounds upon which search warrants may be issued with limitations upon the power of issuing them. The limitations are set forth in sections 3–6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 10496¼c–10496¼f), and there is nothing in the present petition to show that those limitations were not observed. It is not necessary, in order to have a search warrant under the National Prohibition Act, to set out in the affidavit that the property was used as a means of committing a felony, which is one of the grounds upon which a search warrant may issue under the Espionage Act.

I find no merit in the petitions, and they are dismissed.