## HOHORST *v.* HOWARD.[1]

*(Circuit Court, E. D. New York. December 1, 1888.)*

1. EQUITY—JURISDICTION—LOSS BY SUBSEQUENT EVENTS.
   The jurisdiction of an equity court is not entirely ousted by the happening of an event, subsequent to the commencement of an action, which precludes the exercise of the power to grant an injunction. *Kirk* v. *Du Bois*, 28 Fed. Rep. 460, followed.

2. PATENTS FOR INVENTIONS—ABATEMENT AND REVIVAL—DEATH OF PARTY.
   A suit for alleged infringement of a patent, praying that defendant be required to make discovery of profits, and for an accounting and injunction, may be revived, after the decease of defendant, against his executor.

In Equity. Final hearing on bill of revivor, its answer, and replication.

*W. S. Logan*, for complainant.

*John L. Devenny*, for defendant.

LACOMBE, J. This action was brought for an alleged infringement of a patent. The original bill prays that the defendant be required to make discovery as to the use of said invention and of all gains and profits received by him therefrom, or by means thereof, and that he be required to account to the plaintiff; and an injunction is prayed for against the defendant, his agents, etc. The answer of the original defendant is a specific denial. The original defendant having died, his executrix denies complainant's right to have the action revived, for the reason that no injunction can issue against the dead defendant, nor against his executrix, who is not alleged to infringe; and that therefore, as the title of the principal relief—the injunction and discovery—fails, the incident right to an account fails also. Defendant cites *Root* v. *Railway Co.*, 105 U. S. 189, and *Draper* v. *Hudson*, 1 Holmes, 208 (1873.) The whole subject was discussed in the later case of *Kirk* v. *Du Bois*, 28 Fed. Rep. 460, (1886, W. D. Pa.,) and the conclusion reached that *Root* v. *Railway Co.* does not go to the extent of holding that jurisdiction is entirely ousted by the subsequent happening of an event which precludes the exercise of the power to grant an injunction. The decision in *Kirk* v. *Du Bois* will be followed here. The complainant is entitled to the usual decree that the suit be revived against the executrix, and be put in the same state it was in prior to the death of the deceased.

[1] Reported by Edward G. Benedict, Esq., of the New York bar.