DE BARY et al. v. CARTER.

(Circuit Court of Appeals, Fifth Circuit. May 1, 1900.)

No. 860.

COSTS—RECOVERY ON APPEAL—UNITED STATES REAL PARTY IN INTEREST.

Where suit is commenced in a state court to recover, from a collector of internal revenue, taxes illegally assessed and collected, and the same is removed by certiorari to the circuit court of the United States, and on appeal to the circuit court of appeals the judgment of the circuit court for defendant is reversed, and the cause remanded for new trial, plaintiff is entitled to recover his costs on the appeal, if under the practice of the state courts costs are allowed to the prevailing party, although rule 31, § 4 (31 C. C. A. clxix., 90 Fed. clxix.), provides that no costs shall be allowed in the circuit court of appeals for or against the United States.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

John. D. Rouse and Wm. Grant, for plaintiff in error.

J. Ward Gurley, for defendant in error.

Before PARDEE and SHELBY, Circuit Judges, and BOARMAN, District Judge.

PARDEE, Circuit Judge. This suit was commenced in the state court to recover from the collector of internal revenue for taxes alleged to have been illegally assessed and collected from the plaintiff as a wholesale liquor dealer. The case was removed by certiorari to the circuit court for the Eastern district of Louisiana, and there tried, resulting in a verdict for the defendant. On writ of error this court reversed the judgment of the circuit court, and remanded the cause for a new trial. 101 Fed. 1006. The district attorney of the United States now comes and moves the court to vacate so much of the judgment and reversal as awarded costs to the plaintiff in error, on the grounds that the United States are the real party in interest in this case, and have undertaken the management and defense of the action, and whatever is collected from the defendant in the way of damages and costs will eventually be paid by the United States; and upon the further ground that, according to section 4 of rule 31 of this court (31 C. C. A. clxix., 90 Fed. clxix.), no costs shall be allowed in this court for or against the United States. The third section of our rule 31 provides that in cases of reversal of any judgment or decree in this court costs shall be allowed to the plaintiff in error or appellant unless otherwise ordered by the court, and the fourth section of the same rule is to the effect that the foregoing section shall not apply to cases where the United States are a party, but in such cases no costs shall be allowed in this court for or against the United States.

We are unable to see the applicability of section 4 of our rule 31 in the present case. The United States are not a party to the record. The general rule and practice is to allow costs to the prevailing party; and section 3 of our rule 31 is in accord with this general practice.

We are aware of no statute of the United States which regulates the allowance of costs in cases similar to the present one, but we understand that cases wherein a similar question has been raised have been ruled upon the ground that the state law with regard to costs is the proper one to follow. Howard v. Commercial Co., Fed. Cas. No. 6,753; Scripps v. Campbell, Fed. Cas. No. 12,562. In Field v. Schell, Fed. Cas. No. 4,771, the question was raised in an action to recover customs duties illegally exacted, and Circuit Justice Nelson, in the circuit court for the Southern district of New York, held that in a suit brought in a state court to recover back an excess of duties paid to a collector and removed to the United States circuit court, and the case is one in which the plaintiff would have recovered costs in the state court if the suit had not been removed, he is entitled to recover in the circuit court costs in that court, although if the suit had been originally brought in that court he would have recovered no costs. Under the practice in Louisiana, a judgment in plaintiff's favor in the state court in the instant case would have carried costs. Code Prac. art. 157.

Section 3220, Rev. St., is as follows:

"The commissioner of internal revenue, subject to regulations prescribed by the secretary of the treasury, is authorized, on appeal to him made, to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected; also to repay to any collector or deputy collector the full amount of such sums of money as may be recovered against him in any court, for any internal taxes collected by him, with the costs and expenses of suit; also all damages and costs recovered against any assessor, assistant assessor, collector, deputy collector, or inspector, in any suit brought against him by reason of anything done in the due performance of his official duty."

This statute seems to contemplate that in suits similar to the present one costs will be awarded against the government officers, and that in due course they will be paid by the United States. In our opinion, it would be an injustice to require a party who is compelled to pay an illegal assessment to bear all the burden of the successful litigation necessary to recover the same. The motion is denied.