# BURLINGAME *v.* MANCHESTER.

### EQUITY; COSTS; APPEALABLE ORDERS.

1. Where a court of equity, having jurisdiction over the subject-matter of a suit and the parties, dismisses the bill of complaint because the plaintiff has failed to make out a case calling for equitable relief, it has jurisdiction to award costs against the unsuccessful party.

2. The action of the lower court in directing by its order the retaxation of costs on motion of the unsuccessful party, to the extent of disallowing mileage taxed in favor of the two defendants, and overruling the motion in all other particulars, will not be reviewed by this court on an appeal from such order, because the matter of costs was within the sound discretion of the court, and also because the proper course of the unsuccessful party to obtain a review by the lower court of the action of the clerk in taxing costs, and to secure a retaxation thereof, was by a rule to show cause, specifying with particularity the objections to the manner in which the costs had been taxed. (Following *Washington & G. R. Co.* v. *American Car Co.* 5 App. D. C. 524, and *Williams* v. *Getz*, 17 App. D. C. 388.)

No. 2857.   Submitted December 9, 1915.   Decided January 3, 1916.

HEARING on an appeal by the plaintiffs from an order of the Supreme Court of the District of Columbia, granting in part and denying in part a motion for the retaxation of costs.

*Affirmed.*

The COURT in the opinion stated the facts as follows:

This appeal is from a judgment denying a motion to stay execution for costs upon a decree of the supreme court of the District of Columbia.

Appellants, Charles I. Burlingame, H. Oscar Huot, and

George S. Engle, plaintiffs below, filed a bill to enjoin the prosecution of applications for letters patent by appellees, Arthur Manchester and Harry Spooner, in the United States Patent Office. On final hearing the court entered a decree dismissing the bill and ordering "that the defendants recover of the complainants their costs in this behalf sustained, as the same shall be taxed by the clerk, and shall have execution therefor as at law." Appeal was taken to this court, where the decree was affirmed. 43 App. D. C. 288.

Plaintiffs filed an alternative motion, asking the court below to stay execution for costs, or to direct the clerk to retax the costs. The grounds of the motion are stated as follows:

"1. In and by the opinion and decision of the court of appeals of the District of Columbia in the said cause, it has been held and determined that this court was without jurisdiction of the same. Wherefore it was without power to adjudge and award costs against the complainants, and the said final decree is in respect thereto a nullity.

"2. The said costs as taxed by the clerk include an allowance for mileage of 6,256 miles, of which no sufficient evidence exists or has been presented to the clerk herein; and mileage for 1,640 miles thereof is allowed to the defendants, who under no circumstances can be entitled thereto; and as respects the witnesses other than the defendants for whom said mileage is allowed, it is not shown and does not appear that their attendance in the District of Columbia as witnesses was necessary, and that their testimony was necessary and essential, or that if necessary and essential, the same could not conveniently and with due regard to the right of the defendants have been taken by deposition at the respective places of residence of the said witnesses, or that the said witnesses or any of them, including the defendants, were summoned from without the District of Columbia according to the form of the statute in said case made and provided."

The court entered an order directing a retaxation of costs to the extent of disallowing the mileage taxed in favor of the two defendants, and ordering "that in all other respects and par-

ticulars the said motion of the plaintiffs be, and the same hereby is, denied."

Mr. *Henry E. Davis* and Mr. *Alvin L. Newmyer* for the appellants.

Mr. *W. C. Sullivan* and Mr. *Melville Church* for the appellees.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It is urged that, inasmuch as this court on the former appeal held that the lower court was without jurisdiction to entertain the cause, and for that reason affirmed the decree dismissing the bill, it was likewise without jurisdiction to assess costs. Passing the consideration of the application of the rule contended for to a case where the court is totally without jurisdiction of either the parties or the subject-matter, we come at once to the real question here involved. Our decision turned upon the jurisdiction of the equity court to entertain the particular cause in the light of the law and facts applicable thereto. There is a well-defined distinction between the lack of jurisdiction to grant equitable relief in a given case, and the want of jurisdiction which totally deprives a court of power to proceed. Here it required a trial on the issues of fact to determine whether the court had power to grant equitable relief. The distinction is clearly stated in *Illinois C. R. Co.* v. *Adams,* 180 U. S. 28, 45 L. ed. 410, 21 Sup. Ct. Rep. 251, as follows: "It may undoubtedly be shown in defense that plaintiff has no right under the allegations of his bill or the facts of the case to bring suit, but that is no defect of jurisdiction, but of title. It is as much so as if it were sought to dismiss an action of ejectment for want of jurisdiction, by showing that the plaintiff had no title to the land in controversy." And in *Curtiss* v. *Brown,* 29 Ill. 201, the court said: "In many cases the question of *jurisdiction* is considered as distinct from that of power. We often find the jurisdiction denied, where the *power* exists, but ought

not to be exercised, and in this sense is the word *jurisdiction* usually used, when applied to courts of chancery. Where there is a want of power, the decree is void collaterally, but where there is said to be a want of jurisdiction merely, it is only meant that it would be erroneous to exercise the power, and the decree would be reversed on appeal. It means a want of equity, and not a want of power."

That the supreme court of the District of Columbia had jurisdiction of the subject-matter and the parties is not contested, and, indeed, it cannot be. It follows, therefore, that where, as in this instance, the want of jurisdiction is due to the failure of the plaintiff to make out a case calling for equitable relief in a cause, the subject-matter of which is within the general jurisdiction of the court, power still resides in the court "to put the wheels of justice in motion, and to proceed to the final determination of the cause upon the pleadings and evidence." *Illinois C. R. Co.* v. *Adams, supra.*

Appellants brought their action in a court of competent jurisdiction with full power to adjudicate the matters in controversy, but the bill was dismissed, in the language of the court in *Hawes* v. *Oakland* (*Hawes* v. *Contra Costa Water Co.*) 104 U. S. 450, 26 L. ed. 827, "because the appellant shows no standing in a court of equity,—no right in himself to prosecute this suit." Appellants were in a proper court, but not with a proper cause of action. "The right to bring a suit is entirely distinguishable from the right to prosecute the particular bill. One goes to the maintenance of any action; the other to the maintenance of the particular action." *Venner* v. *Great Northern R. Co.* 209 U. S. 24, 52 L. ed. 666, 28 Sup. Ct. Rep. 328. With full jurisdiction to try the issues and enter a decree, the contention that the court was powerless to decree costs is without merit.

Respecting that part of the motion relating to the taxation of costs, it is settled in this District that "the decision upon a question of costs, when independent of the main questions in litigation, is not ordinarily a subject for appeal." *Washington &*

*G. R. Co.* v. *American Car Co.* 5 App. D. C. 524, 548. In the present case, not only is the question raised upon motion independent of the questions in litigation, but proper steps were not taken in the court below to review the action of the clerk in assessing costs and to secure a retaxation thereof. The proper course was by rule to show cause, specifying with particularity the objection to the manner in which the costs have been taxed.

It matters not that the court below took cognizance of the motion to the extent of ordering the retaxation of the costs as to certain witnesses. This could have been done without motion if brought to the attention of the court. The assessment of costs is a matter reposed largely in the sound judgment of the trial court, and the action of the court in the proper exercise of that discretion will not ordinarily be reviewed. The rule is clearly stated in *Williams* v. *Getz,* 17 App. D. C. 388, which involved, among other things, an appeal from an order of the court below denying a motion to retax costs. Chief Justice Alvey, speaking for the court, said: "With respect to the alleged errors in the taxation of the costs in the former action, no appeal will lie to this court. To entertain appeals in such cases would not only interfere with the finality of judgments, but would open the door to abuse, as means of delay, in the execution of judgments. The taxation of costs, in the cases where they accrue, is ordinarily a mere clerical act, performed under the supervision of the court. For any errors in the taxation the remedy for their correction is quite simple. If either party be dissatisfied with the taxation by the clerk, he may apply to the court for a rule to show cause why the clerk should not review the taxation first made by him. But in the application for such rule, the party should be careful to specify with particularity in what respect the taxation is erroneous. 2 Tidd, Pr. 9th ed. 990."

The judgment is affirmed, with costs.          *Affirmed.*

A motion for a rehearing was overruled January 22, 1916.