### In re MARX.

### In re GARDNER.

(District Court, N. D. California, First Division.    December 16, 1918.)

#### No. 392.

SEARCHES AND SEIZURES &3—USE OF DOCUMENTS OBTAINED.

    Papers seized under a void search warrant, and claimed by a citizen, cannot be used against him before the grand jury in a criminal investigation as to whether his taking of such papers from the government should be made the basis of an indictment, but the warrant should be quashed and the papers restored to claimant.

At Law. In the matter of search warrants to search No. 1069 Shattuck Avenue, occupied by Mrs. Ralph Marx, and No. 1130, occupied by John Endicott Gardner, at Berkeley, Alameda County. Documents seized were claimed by John Endicott Gardner. Search warrant quashed, and property ordered restored to claimant.

Lyman I. Mowry, of San Francisco, Cal., for petitioner.

John W. Preston, U. S. Atty., of San Francisco, Cal., for the United States.

DOOLING, District Judge. On January 23, 1918, upon an affidavit now admitted to be wholly insufficient, the commissioner issued a search warrant describing certain papers in the most general terms, under which something like 1,000 documents and papers were seized and are now in the custody of the marshal. Some proof was taken before the commissioner, upon which he determined that many of the papers belonged to the United States government, whereupon he ordered practically all of the papers seized to be delivered to the commissioner of immigration at Angel Island, as being part of the records of his office. The papers have been at all times claimed by Dr. John E. Gardner as his own. They were taken from the premises of his son-in-law.

The District Attorney now desires to use them before the grand jury against the claimant. The ownership of the papers is the very thing in dispute between the government and claimant. If they are his papers, no offense has been committed by him. If they do not belong to him, but to the government, he may be guilty of larceny or embezzlement in the taking of them. The question then is: May documents, seized under a void search warrant and claimed by a citizen to be his property, be used against him before the grand jury in

---

a criminal investigation as to whether his taking of such papers should be made the basis of an indictment?

The government urges that this may be done, on the theory that these are government papers, and not private papers belonging to the claimant. But that is the very question in dispute. It is conceded that they were seized upon a defective and invalid search warrant. That being so, I am of the opinion that, when they are claimed by a citizen to be his property, the merits of that claim will not be investigated, but that the duty of the court is plain, to discharge the warrant and restore the papers to that possession from which they never should have been taken.

Only in this way can the provisions of the Constitution and statutes against unwarranted searches and seizures be made effective. The proceeding here is absolutely without legal authority from the beginning, and the order of the court is therefore that the search warrant be quashed, and all property taken thereunder be restored to the claimant.