## SIMS v. STUART et al. BUTLER v. SAME. BETTS v. SAME.

(District Court, S. D. New York. October 9, 1922.)

1. **Customs duties ⬾55—Collector not subject to summary jurisdiction; officer of the court."**

    The collector of customs is not an "officer of the court," over whom, like a district attorney, the court has summary jurisdiction, but is accountable for his illegal acts only individually, and is subject to the same law and the same remedies as though he held no office.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Officer of the Court.]

2. **Injunction ⬾133—Mandatory injunction not issued to compel return of converted money.**

    Where plaintiffs claimed that defendant had converted money of the plaintiffs by illegally seizing and retaining it, equity will not grant the final relief sought by a mandatory injunction to compel a return of the money at the outset of the case.

3. **Injunction ⬾133—Collector of customs not required on motion for summary relief to return property seized from vessels.**

    Where a collector of customs had seized from vessels belonging to plaintiffs' books of record belonging to plaintiffs. and the question of his right to seize and retain such property because of past and threatened violations of the customs laws presented difficult legal questions, plaintiffs will not be granted summary relief by compelling the collector to return the property to them, which was the final relief sought in the suit.

In Equity. Separate suits by John Sims, by Henderson Robert Butler, and by Ronald McK. Betts against Henry C. Stuart and others. On motions by plaintiff for summary relief. Motions denied.

Felder, McCrossin & Chorosh, of New York City, for plaintiffs.
William Hayward, of New York City, U. S. Atty., for defendants.

LEARNED HAND, District Judge. [1] I cannot see how this relief can be given on motion. The collector is not an officer of the court, over whom, like a district attorney, the court has summary jurisdiction. U. S. v. Mills (C. C.) 185 Fed. 318. He is not even accountable for such illegal acts as an official, but individually. Smietanka v. Indiana Steel Co., 257 U. S. 1, 42 Sup. Ct. 1, 66 L. Ed. 99. If he has committed a trespass, he is subject to the same law as though he held no office, but to no different remedies, except as some statute provides it. He should have no protection from his possession, but he should suffer no added liability.

[2] The relief demanded is of two kinds: First, for the money seized; second, for the books. As to the money, how is it possible to sue in equity? The acts charged constitute, on the plaintiffs' theory, a conversion, nothing more. Under the guise of a mandatory injunction I do not see how I can give final relief in advance of answer and trial in such a case. It is, of course, true that equity will at times affirmatively restore the status quo ante pending the suit. In Re Lennon, 166 U. S. 548, 17 Sup. Ct. 658, 41 L. Ed. 1110; Western Union Tel. Co. v. Postal Tel. Co. (C. C. A. 9th) 217 Fed. 533, 133 C. C. A. 385. But never, so far as I know, will it take jurisdiction over a legal

claim merely to hurry it along by granting final relief at the outset of the cause. The acts of the defendants may indeed be totally without justification—on that I express no opinion—but there is no reason why the plaintiffs should enjoy remedies not open to others who have suffered similar wrongs. I cannot suppose that it would anywhere be seriously contended that upon a conversion of money the victim might file a bill in equity and get final relief by mandatory injunction.

[3] As to the books and papers different considerations apply. Under Revised Statutes, § 934 (Comp. St. § 1560), these are irrepleviable, and there is no other action at law under which they could be recovered. It may well be, therefore, that a bill in equity will lie to compel their restoration in kind; damages being obviously not adequate. However, while that may save the bill as such, it does not touch the fundamental objection to this particular application. The delivery of the books is on this theory the final relief in the suit; it is demanded at the outset, and that, too, in the face of legal difficulties which are not altogether simple. It does not even appear that such documents as the collector retains are presently necessary to defendants, or, if they are, that the collector will not permit them to be inspected by their owners.

Some of these papers appear to show that the masters had in the past violated Revised Statutes, § 2867 (Comp. St. § 5555), and had as well, though without the territorial limits of the United States, actively assisted in the illegal entry of goods into the United States. The violation of Revised Statutes, § 2867, it is true, presupposes that the vessels were "bound to the United States"; but it may at least be plausibly argued that, though not intending themselves to enter, they were so "bound" when they meant to sell for surreptitious shipment all the cargo they could into the port of New York. Now, Revised Statutes, § 2867, may or may not be valid, in so far as it affects to make an offense out of acts which occur without the United States, and Revised Statutes, §§ 2760, 3067 (Comp. St. § 8459½b [52], and section 5770), may or may not be valid in authorizing searches outside the one-league limit. These questions were not argued, and ought not to be summarily decided. But, if these sections be valid (and they are of long standing), then the papers being evidence of such violations, were lawfully seized, if they properly fall within what an officer may detain when he arrests a suspected person. It is true that they were not taken from the person of the plaintiffs, but it does not follow that the seizure was illegal. A vessel is not a house, and a search warrant may not be necessary. I decide nothing upon any of these questions, and raise them only to show that the plaintiffs' right is not so clear as it must be for such an extraordinary remedy as this.

Indeed, the action of the defendants appears to have been far less justifiable in seizing the money than the papers. No theory on which this last can be legal, even if it was the proceeds of sales of whisky, was suggested at the bar, and none up to the present time suggests itself to me. Possibly the collector may upon reflection be disposed to return it, but, whether he does or not, the delay in reaching the decision of a court by the usual procedure cannot be an excuse for ignoring the well-established limitations on equitable remedies.

The motions are denied.