**THOMPSON v. SCHWAEBE, Collector of Customs.***

Circuit Court of Appeals, Ninth Circuit.
November 14, 1927.

No. 5257.

1. Injunction ⊝75—Claimant of vehicle seized for violation of customs laws cannot maintain suit to enjoin its sale, but must follow statutory remedy (Tariff Act 1922, §§ 605–610 [19 USCA §§ 512–517]).

Claimant of a vehicle seized for violation of the customs laws is given an adequate remedy by Tariff Act 1922, §§ 605–610 (19 USCA §§ 512–517), and cannot maintain suit for injunction to restrain its sale.

2. Equity ⊝46—Right to compel action at law by another in which complainant's rights may be fully determined will exclude jurisdiction in equity.

A remedy at law, which will exclude jurisdiction in equity, need not be by an affirmative action by complainant, but it is sufficient if he can compel an action by another in which his rights may be fully determined.

Appeal from the District Court of the United States for the Southern Division of the Southern District of California; William P. James, Judge.

Suit in equity by L. C. Thompson against Lewis Schwaebe, Collector of Customs. Decree for defendant, and complainant appeals. Modified and affirmed.

For opinion below, see 21 F.(2d) 696.

Robert O'Connor, Emory D. Martindale, and George W. Fenimore, all of Los Angeles, Cal., for appellant.

Samuel W. McNabb, U. S. Atty., of Los Angeles, Cal., and Emmett E. Doherty, Asst. U. S. Atty., of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from a decree dismissing the bill of complaint and denying injunctive relief in a suit against the collector of customs.

The Tariff Act of 1922 provides that all vehicles seized under the provisions of the custom laws shall be placed and remain in the custody of the collector for the district in which the seizure was made, to await disposition according to law; that the collector shall require the appraiser to determine the domestic value, at the time and place of appraisement, of any vehicle so seized; that if such value, returned by the appraiser, does not exceed the sum of $1,000, the collector shall cause a notice of the seizure of such vehicle and the intention to forfeit and sell the same to be published for at least

*Rehearing denied January 9, 1928.

three successive weeks in such manner as the Secretary of the Treasury may direct; that any person claiming such vehicle may at any time within 20 days from the date of the first publication of the notice of seizure file with the collector a claim, stating his interest therein; that upon the filing of such claim, and the giving of a bond in the sum of $250, conditioned that in case of condemnation of the vehicle so claimed the obligor shall pay all costs and expenses of the proceedings, the collector shall transmit such claim and bond to the United States attorney for the district in which the seizure was made, who shall proceed to a condemnation of the vehicle in the manner prescribed by law; that, if no such claim is filed or bond given within the 20 days specified, the collector shall declare the vehicle forfeited and shall sell the same at public auction in the same manner as merchandise abandoned to the United States is sold, and shall deposit the proceeds, after deducting the actual expenses of seizure, publication, and sale, in the Treasury of the United States; and that, if the value returned by the appraiser of any vehicle so seized is greater than $1,000, the collector shall transmit a report of the case, with the names of available witnesses, to the United States attorney for the district in which the seizure was made for the institution of the proper proceedings for the condemnation of such property. 42 Stat. 985, §§ 605–610 (19 USCA §§ 512–517).

The complaint alleged that on October 18, 1926, one George Burke was arrested by federal officers for a violation of section 26 of the National Prohibition Act (27 USCA § 40), while driving a Reo automobile truck; that on January 10, 1927, Burke was convicted in the court below of that offense; that the truck is now and since the date of seizure has been in the possession of the defendant, as collector of customs for the Twenty-Seventh district of California, at Los Angeles, and that such collector has attempted to confiscate the truck under and by virtue of sections 3061, 3062 (19 USCA §§ 482, 483), and 3450 (28 USCA § 1181; Comp. St. § 6352) of the United States Revised Statutes on the ground that the same was being used for the purpose of depositing and concealing merchandise alleged to have been imported into the United States contrary to law; that at the time of such seizure, and for some time prior thereto, the plaintiff was the owner and holder of a lien against the truck so seized in the sum of $1,383.84, no part of which has been paid, and that such lien was and is unsatisfied and is protected by section 26 of the National Prohibition Act; that upon the conviction of Burke for the violation of said section, the forfeiture of the truck thereunder became mandatory for the protection of the interest of bona fide lienholders; that the plaintiff has no plain, speedy, or adequate remedy at law, and will suffer irreparable loss and injury if the collector is permitted to sell the truck as threatened; that the plaintiff had no knowledge that the truck was being used in an illegal manner, and particularly for any violation of the National Prohibition Act, and had no knowledge that would lead him to believe that the truck was being so used. The prayer of the complaint was for a permanent injunction restraining the defendant from selling or disposing of the truck and requiring him to deliver the same into the custody of the court to be disposed of pursuant to section 26 of the National Prohibition Act.

The answer of the defendant denied that the plaintiff had no plain, speedy, or adequate remedy at law, averred that he had such a remedy by filing a claim with the collector and posting a bond as provided by law, and then set forth affirmatively the steps taken by the collector to enforce a forfeiture.

[1] The court below in its opinion seems to discuss the merits of the case in a measure, but its ultimate conclusion was based upon the ground that an equitable suit for an injunction will not lie. In this latter conclusion we concur. The law provides for a summary forfeiture and sale by the collector when the appraised value of the property is less than $1,000, but any person claiming the property may stay all further proceedings before the collector by filing a claim and executing a bond as provided by the statute. When this is done, the authority of the collector is at an end, and the whole matter is automatically transferred to a court of law, where all the parties in interest are given their day in court and a full opportunity to be heard.

[2] This remedy would seem to be full, complete, and adequate. True, the claimant is not given a right of action in his own name; but this in nowise detracts from the adequacy of the legal remedy. He is given the right to compel the government to institute proceedings in which his rights may be fully heard and determined, and it is entirely immaterial whether he appears in court as a plaintiff in an action at law, or as a claimant in a proceeding at law to declare a forfeiture. The very object of the statute would seem to be to give parties claiming the seized property a right to have their claims deter-

mined in a court of law, instead of compelling them to resort to some other proceeding, or to invoke some other remedy.

The decree of the court below went too far, however, in disposing of the case upon its merits. The dismissal should have been without prejudice to any legal remedy that may be available to the appellant, and the decree will be so modified. As thus modified, the decree is affirmed.