In re NO. 32 EAST SIXTY-SEVENTH STREET, BOROUGH OF MANHATTAN, CITY OF NEW YORK.

Appeal of MARCEL ROCHAS, Inc.

No. 229.

Circuit Court of Appeals, Second Circuit.

April 11, 1938.

Evarts, Choate, Curtin & Leon, of New York City (Maurice Leon, of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (Joseph Leary Delaney, Asst. U. S. Atty., of Albany, N. Y., of counsel), for appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge,

On December 15, 1937, the United States Commissioner for the Southern District of New York issued a search warrant to Gordon H. Pike, a United States Customs Agent, commanding him to enter and search the five-story and basement building known as 32 East Sixty-Seventh street, New York City, and to seize, if found therein, property described as "dresses, garments, hats, suits, furs, gloves, labels and other women's wear and merchandise, which women's wear and merchandise was smuggled into the United States by various persons at this time unknown," and also to seize books, records, papers, and miscellaneous data which "were used in connection with the smuggling into the United States of such women's wear and merchandise." The search warrant was supported by an affidavit made by Pike to the effect that he had been actively engaged in a John Doe· investigation; that between September 1 and December 15, 1937, John Doe, whose true name was unknown to the deponent, had fraudulently imported into the United States merchandise, described as in the search warrant, and had concealed such merchandise after importation, knowing the same to have been imported contrary to statute, 19 U.S.C.A. § 1593; that in the course of his official duties he had learned that certain books, records, papers, and miscellaneous data used in connection with the above-mentioned violation and certain dresses, garments, suits, hats, furs, gloves, labels, and other women's wear and merchandise which were so smuggled into the United States were located in the five-story and basement building known as No. 32 East Sixty-Seventh street. Agent Pike forthwith executed the search warrant and made a return by inventory of the property taken thereunder. The appellant, Marcel Rochas, Inc., was lessee of the building subjected to search, was owner of the corporate books and records which were seized, and had possession as bailee of the seized merchandise.

Upon motion of the appellant, supported by affidavits setting up the foregoing facts and charging that the search warrant was illegally issued, the District Court made an order directing the supervising customs agent and the United States attorney to show cause why the warrant should not be set aside and the seized property returned to Marcel Rochas. On the return day, the United States attorney filed an opposing affidavit which merely set forth that on December 16 the vice president of Marcel Rochas was arraigned before the United States commissioner upon a complaint charging him with importing women's wear into the United States contrary to law, and was released on bail; and that the premises searched were not a private dwelling but a store where women's wearing apparel was sold. Without opinion the district judge denied the petition, the order however directing that the appellant be allowed reasonable

access to the seized books, records and papers. This is the order appealed from.

■■■ Relying upon the Fourth Amendment to the Constitution, the appellant contends that the search warrant was illegal because Pike's affidavit showed no facts upon which to base a finding of probable cause. Such generalities as appear in his affidavit were clearly no justification for issuance of the warrant, unless it can be said that the very old statute under which customs agents have been authorized to act ever since 1789, now appearing with slight modifications as section 595 of the Tariff Act of 1930, 19 U.S.C.A. § 1595, establishes an exception to the constitutional guaranty. See United States v. Federal Mail Order Corp., 2 Cir., 47 F.2d 164, 165. We do not think such a contention can successfully be made in the face of Nathanson v. United States, 290 U.S. 41, at page 47, 54 S.Ct. 11, 13, 78 L.Ed. 159, where Mr. Justice McReynolds declared: "The amendment applies to warrants under any statute; revenue, tariff, and all others." It is true that there the search was of a dwelling house and here the premises were occupied as a store; but no rational ground has been suggested for distinguishing between dwellings and other buildings with respect to the requirement of probable cause for issuance of a search warrant. Were a practice shown antedating the Constitution to seize smuggled goods in a building not a dwelling upon proof merely of the unsupported suspicion of a customs officer, we do not say that the distinction might not be taken; but the existence of such a practice has not even been argued. Accordingly, we think the case is governed by Nathanson v. United States, supra, and we hold the warrant illegal.

Indeed, the appellee has made no effort to support its validity. Its argument is that no warrant was necessary for entrance into a store and, having legally entered, the customs agent and his assistants were privileged to seize known contraband. In re 14 East Seventeenth Street, 2 Cir., 65 F.2d 289, 291. The record is barren of any evidence as to how the officers gained their entrance, what parts of the building they searched, where they found the merchandise and records seized, or by what means they identified the property as contraband. The effort to justify the seizure on the theory suggested is clearly an afterthought of counsel. On this record we must take it that the search and seizure were made solely by virtue of the illegal warrant.

■■■ The appellees further argue, catching at straws, that the appellant's moving papers were defective. These were affidavits by the appellant's attorney and by its assistant secretary. The latter established appellant's possession as owner of the corporate books and records and its possession as bailee of the seized merchandise. Possession will serve as the basis for asserting constitutional rights. See United States v. Edelson, 2 Cir., 83 F.2d 404, 406. Obviously, the possessor may appear in court by an attorney to assert them.

■■■ The only real problem in the case has not been raised by either party, that is, the jurisdiction of the district court to entertain a summary proceeding for quashing the warrant and directing a return of the property. In section 16 of title 11 of the Espionage Act, 18 U.S.C.A. § 626, it is provided that if there was no probable cause for believing the existence of the grounds on which the warrant was issued, the judge or commissioner must cause the property taken to be restored to the person from whom it was taken. No provision similar to section 16 appears in the Tariff Act of 1930, but the appellant has assumed that section 16 applies to property taken upon a warrant issued under section 595 of the Tariff Act of 1930, 19 U.S.C.A. § 1595. What little authority has been found bearing on that issue appears to look the other way. United States v. Moore, D.C., 4 F.2d 600. See United States v. Yuck Kee, D.C.Minn., 281 F. 228, 231; Pappas v. Lufkin, D.C. Mass., 17 F.2d 988, 991. Title 11 of the Espionage Act, 18 U.S.C.A. §§ 98, 611 et seq., sets forth a comprehensive procedure for the issuance of search warrants, covering all phases from the initial affidavits to the restoration of property and the filing of papers with the clerk of the court having jurisdiction. But title 11 was not intended to authorize search warrants in cases involving all criminal offenses against the United States, nor were its provisions intended to supersede other statutes relating to search warrants. Section 23, 18 U.S.C.A. § 633, provides: "Nothing contained in this chapter shall be held to repeal or impair any existing provisions of law regulating search and the issue of search warrants." The ex-

isting provisions of law thus referred to were those providing for the issuance of search warrants in cases of counterfeiting, 18 U.S.C.A. § 287, and frauds upon the customs, 19 U.S.C.A. § 1595, and internal revenue laws, 26 U.S.C.A. § 1502. The grounds upon which a search warrant may issue under title 11 of the Espionage Act are rather narrow. They are set forth in section 2, 18 U.S.C.A. § 612, and the only one which could conceivably have application to the case at bar is the second, which provides that a warrant may issue to seize property which was used as a means of committing a felony. If the felony committed was also a violation of the counterfeiting, internal revenue, or customs laws, a warrant may issue under one of those three statutes as well as under the Espionage Act, 40 Stat. 217. Conyer v. United States, 6 Cir., 80 F.2d 292; Hysler v. United States, 5 Cir., 86 F.2d 918. But the offenses charged in the case at bar, smuggling and concealing merchandise, are only misdemeanors. 19 U.S.C.A. § 1593. The acts described in subdivision (a) are expressly denominated misdemeanors, and the offenses named in subdivision (b), being subordinate to those of subdivision (a), attain no higher grade. Reagan v. United States, 157 U.S. 301, 304, 15 S.Ct. 610, 39 L.Ed. 709. Therefore the warrant cannot be supported as issued under the Espionage Act. Cf. United States v. Friedman, D.C.E.D.Pa., 267 F. 856. It follows that the provisions of section 16, title 11, of the Espionage Act, 18 U.S.C.A. § 626, are inapplicable to a warrant issued under the Tariff Act.

Nevertheless, we think there is inherent power in the district court to quash an invalid warrant and to order the return of papers seized for the purpose of use as evidence before a grand jury or in a proceeding intended to be commenced in the District Court. The court has summary jurisdiction over the United States attorney, and the customs agent who will act as the prosecuting witness is also subject to its summary control. Go-Bart Importing Co. v. United States, 282 U.S. 344, 355, 51 S.Ct. 153, 157, 75 L.Ed. 374. Consequently, we are satisfied that the District Court has power to quash the warrant and direct return of the corporate books, records and papers to the appellant. It should

have done so and the order must be modified in these respects.

The return of the seized merchandise stands on a somewhat different footing. We do not say that the court is without jurisdiction. Since the commissioner acts as a mere officer of the court in issuing the warrant,* the disposal of goods seized under judicial process would seem to be a matter within the court's summary jurisdiction. Several cases have so assumed without discussion. Honeycutt v. United States, 4 Cir., 277 F. 939; United States v. Yuck Kee, D.C.Minn., 281 F. 228; In re Marx, D.C.N.D.Cal., 255 F. 344; United States v. Friedberg, D.C.E.D.Pa., 233 F. 313. Nor is this inconsistent with our decision in In re Behrens, 2 Cir., 39 F.2d 561, for there the seizure was not made under a search warrant. But although the court has jurisdiction to order the goods returned, it does not follow that it should exercise the power where the goods are subject to forfeiture. Section 602 of the Tariff Act of 1930, 19 U.S.C.A. § 1602, makes it the duty of any officer authorized by law to make seizures of merchandise subject to seizure for violation of the customs laws, to report such seizure to the collector for the district in which the violation occurred and to turn over to such collector the property seized. The collector must report such seizure or violation to the United States attorney, section 603, 19 U.S.C.A. § 1603; and the latter must determine whether or not to prosecute or institute forfeiture proceedings, section 604, 19 U.S.C.A. § 1604. Subsequent sections, 19 U.S.C.A. §§ 1605–1615, detail the procedure for forfeiture of the seized merchandise and permit any person claiming the merchandise to assert in such proceeding his claim. We believe the procedure so provided is exclusive of other remedies. Thompson v. Schwaebe, 9 Cir., 22 F.2d 518 (C.C.A. 9); In re C. I. T. Corporation, D.C.N.D.N.Y., 28 F.2d 50. That procedure must be availed of unless the United States unduly delays initiation of forfeiture proceedings. Only in that event should the district court exercise summary power to order return of the goods. See In re Behrens, 2 Cir., 39 F.2d 561; Standard Carpet Co. v. Bowers, D.C.S.D. N.Y., 284 F. 284; Slocum v. Mayberry, 2 Wheat. 1, 10, 4 L.Ed. 169.

---

* See Go-Bart Importing Co. v. United States, 282 U.S. 344, 354, 51 S.Ct. 153, 157, 75 L.Ed. 374; cf. In re Chin K. Shue, D.C.Mass., 199 F. 282.

Accordingly the order will be modified to provide: (1) That the search warrant be set aside; (2) that the books, records, papers, and miscellaneous papers be returned to the appellant; and (3) that the merchandise be returned unless within five days after order entered, a libel for forfeiture thereof be filed; and in that event the motion for return will be denied.