**SHIMA v. BROWN.**

No. 8583.

United States Court of Appeals
District of Columbia.

Argued Nov. 5, 1943.
Decided Dec. 27, 1943.

Mr. John Wattawa, of Washington, D. C., with whom Mr. Vivian O. Hill, of Washington, D. C., was on the brief, for appellant.

Mr. Richard E. Wellford, of Washington, D. C., with whom Mr. Simon R. Golibart, of Washington, D. C., was on the brief, for appellee.

Before GRONER, Chief Justice, and MILLER and EDGERTON, Associate Justices.

EDGERTON, Associate Justice.

Appellee Brown recovered a judgment against appellant Shima in a suit for board and room. On a former appeal, this court modified the judgment in regard to interest.[1] Shima now appeals from a subsequent order of the trial court which awarded interest from the date of the original judgment, and which also taxed appellant with all costs.

Trial courts have large discretion in regard to costs, and it is not the function of appellate courts to substitute their own discretion.[2] This court has repeatedly applied this rule.[3] Perhaps taxing part of the costs against the prevailing party may be an abuse of discretion when there are no special circumstances to justify it.[4] But in the present case the court taxed all costs against the losing party, in accordance with the usual practice.[5] It is true that appellant had offered and appellee had rejected a compromise settlement which was only a few hundred dollars less than the amount that appellee afterwards recovered. It does not follow that it was an abuse of discretion to tax all costs against the losing party.[6]

Although we stated, on the former appeal, that the original judgment was

---

[1] Shima v. Brown, 77 U.S.App.D.C. 115, 133 F.2d 48, cert. denied, 318 U.S. 787.

[2] Newton v. Consolidated Gas Co. of New York, 265 U.S. 78, 44 S.Ct. 481, 68 L.Ed. 909; Blassengame v. Boyd, 4 Cir., 178 F. 1, 21 Ann.Cas. 800; Mishawaka Rubber & Woolen Mfg. Co. v. S. S. Kresge Co., 6 Cir., 119 F.2d 316.

[3] Washington & Georgetown Railroad Co. v. American Car Co., 5 App.D.C. 524, 548; Burlingame v. Manchester, 44 App.D.C. 335; Ruby Lee Minar, Inc., v. Hammett, 60 App.D.C. 291, 53 F.2d 149, certiorari denied, 284 U.S. 682, 52 S.Ct. 200, 76 L.Ed. 576; Moran v. Wash-

ington Ry. & Electric Co., 64 App.D.C. 3, 73 F.2d 384.

[4] Duke Power Co. v. Greenwood County, 4 Cir., 91 F.2d 665, affirmed without discussion of this point, 302 U.S. 485, 58 S.Ct. 306, 82 L.Ed. 381.

[5] Federal Rules of Civil Procedure, Rule 54(d), 28 U.S.C.A. following section 723c.

[6] The offer in question was not made until the suit was under way and a good part of the costs had been incurred. Appellant's previous offers were considerably smaller. This and other circumstances distinguish the case from Unit-

"modified," [7] we remanded the case with a " 'direction to enter a judgment for * * * the damages assessed by the jury, with interest on such judgment from the time it shall be entered until it shall be paid.' " The intent of this direction was that a new judgment was to be entered which should include no interest for any period prior to the date on which it was entered. The law of the case is that appellant is not liable for any interest prior to the date on which a correct judgment against him is entered. The judgment now before us, like the previous one, is erroneous in that it includes interest prior to its date. If, as we were told in the hearing of this appeal, appellant has satisfied his principal obligation as found by the jury, the entire judgment should be treated as fully satisfied. If any part of the principal has not been paid a new judgment should be entered for that part, without interest prior to its date. Costs on this appeal will be divided.

Affirmed in part,

Reversed in part.

MILLER, Associate Justice (concurring).

If, when our mandate went down, following the former appeal, a new judgment had been properly entered, presumably it would have been promptly paid. Under such circumstances no interest upon the judgment would have been payable. The only different effect of Judge Groner's proposed disposition of the case, therefore, would be to require payment, by appellant, of interest upon the second incorrect judgment from the date of its entry to the date of payment. Surely, there is no reason for inflicting such a penalty upon appellant who was innocent of participation in the entry of either incorrect judgment, and who appealed from each to secure correction of similar errors.

Judge Groner's argument runs, not against the conclusion expressed in the majority opinion but against the decision of the Supreme Court in the Estill case,[1] which provided the pattern for our earlier decision. At the end of its opinion in that case the Supreme Court spelled out, in italics, both the law of the case and the exact procedure to be followed by the trial court, as follows: "The judgment * * * is affirmed as to the $8,750 damages; but it is not affirmed as to the amount of interest, or any part thereof, * * *. That judgment is modified as to such interest, and the case is remanded to the court below, with a direction to enter a judgment for the plaintiffs for $8,750, * * * *with interest on such judgment from the time it shall be entered* until it shall be paid, * * *."[2] [Emphasis supplied]

If Judge Groner's contention were correct, the Supreme Court, in the Estill case, should have required the trial court to "correct its partially erroneous judgment so as to allow interest only from the date it entered the judgment." And, if his conclusion were correct, that should have been the direction of our mandate following the earlier appeal. But the law is as laid down in the Estill case and as stated in Judge Edgerton's opinion, that there is no liability for interest prior to the date on which a correct judgment is entered.

GRONER, C. J. (dissenting).

On the former appeal we reversed and directed the trial court to enter a new judgment for the plaintiff in the sum of Twenty-seven Hundred and Fifty Dollars ($2,750), with interest from the date such judgment should be entered. The court below correctly entered judgment for the principal amount, but mistakenly allowed interest from the date of its previous judgment, which we had reversed. It was, in part, to correct this mistake that this appeal was taken. The opinion of this Court now, instead of correcting the error as to the interest, directs the trial court to enter a new judgment for the same principal amount, with interest thereon from the entry thereof. This I think is wrong. Since our former decision established the law of the case, our order on this appeal should be to require the trial court to do what it should have done under our previous mandate,—that is to say, correct its partially erroneous judgment so as to allow interest only from the date it entered the judgment. This will accomplish precisely what our mandate required.

---

ed States v. E. J. Biggs Construction Co., 7 Cir., 116 F.2d 768, 775.

[7] The Supreme Court used this term in similar circumstances. New York, Lake Erie & Western Railroad Co. v. Estill, 147 U.S. 591, 622, 13 S.Ct. 444, 37 L. Ed. 292.

[1] New York, Lake Erie & Western R. Co. v. Estill, 147 U.S. 591, 13 S.Ct. 444, 37 L.Ed. 292.

[2] Id., 147 U.S. at page 622, 13 S.Ct. at page 456, 37 L.Ed. 292.