TRUTH SEEKER CO., Inc., v. DURNING, Collector of Customs.

No. 180.

Circuit Court of Appeals, Second Circuit.

Jan. 18, 1945.

CHASE, Circuit Judge, dissenting.

———◇———

George Dyson Friou, of New York City, for plaintiff-appellant.

Arthur C. Power, Asst. U. S. Atty., of New York City (John F. X. McGohey, U. S. Atty., of New York City, on the brief), for defendant-appellee.

Before CHASE, CLARK, and FRANK, Circuit Judges.

CLARK, Circuit Judge.

In an extensive complaint of some thirty-three paragraphs plaintiff alleged that it had placed orders with English book sellers and publishers for twenty copies of "The Bible Handbook" by Foote and Ball, first published in 1888, twenty copies of "Papacy in Politics Today" by McCabe, first published in 1937, and copies of "The Free Thinker," a periodical published in England for more than fifty years, and that it had been notified by an assistant of the defendant that the books and periodicals had arrived in New York, but were "being forwarded to the Customs seizure room to be detained for the duration of the war, at which time you may make application for their release." The publications in question were then asserted to be well known, found in public libraries in the country, and without immorality, obscenity, or other illegal matter; and plaintiff alleged de-

mand for delivery with offer to pay proper charges, and defendant's illegal and capricious refusal violating the three freedoms of the press, of speech, and of religion. In its final three paragraphs plaintiff first asked "a determination with respect to these three freedoms as enlightened and liberal as now prevails in the British Isles," then alleged that it was without other adequate legal remedy and would suffer irreparable injury unless it had the relief prayed for, and finally stated that it sought a peremptory or alternative writ of mandamus to the defendant without seeking "to review any act of the defendant." The complaint concludes with a prayer for an order to compel the defendant to admit the books and publications into the Port of New York and to deliver them to the plaintiff after assessment and payment of any proper fees, "and that plaintiff have such other and further relief as to the Court may seem just and proper." The defendant's time for answer having been extended to September 22, 1943,[1] he returned the publications to the plaintiff on September 16, 1943, and then moved for dismissal of the complaint, which the court granted without costs, October 13, 1943, against the objecting affidavit of the plaintiff.

While the plaintiff appears now to be seeking chiefly the award of costs against the defendant because of the illegality of the detention and in order to prevent recurrences of similar infringements of its rights—thus it asserts that it has already run into further difficulties with later shipments of such books as Thomas Paine's "The Age of Reason"— yet it appealed from the entire order and now asks for reversal and judgment in its favor. In this it seems well advised, for if defendant was entitled to the judgment he obtained below, plaintiff is hardly entitled to costs, and in any event the discretion exercised by the judgment to refuse them is not to be disturbed. Cf. Shima v. Brown, App.D.C., 140 F.2d 337; Federal Rules of Civil Procedure, rule 54 (d), 28 U.S.C.A. following section 723c.

---

[1] The parties first stipulated for an extension of time for answer—due August 15, 1943—to September 15; then the United States Attorney sought an ex parte order for an extension until September 22, on the ground that the collector was about to return the publications. It appears, however, that the court did not enter the order until it had heard the plaintiff's objections; and the order then entered clearly extended the time, whatever the questions which might be raised as to the earlier steps. Cf. Orange Theatre Corporation v. Rayherstz Amusement Corporation, 3 Cir., 130 F.2d 185, 139 F.2d 871.

Hence we must decide whether the defendant was entitled to a summary dismissal on a mere showing that he had seemingly repented of his action, and with no explanation of record as to why he took it in the first place. The notice of detention suggests that something involving the prosecution of the war was thought to be involved, and the action presumably was taken under 19 U.S.C.A. § 1305, prohibiting the importation of books or pamphlets of an immoral or subversive character. But under this statute, which allows no protest to be taken to the United States Customs Court, the collector must transmit information to the district attorney of the district, who must institute proceedings in the district court for the forfeiture and confiscation of the book or matter seized. But although some six months elapsed between the time of detention and the time of release of the books and periodicals, there is no suggestion that any such steps were taken; and it is difficult to perceive what possible relation this material can have to the conduct of the war. For the purposes of this appeal, therefore, we must assume that the detention was illegal.

■ Now it is quite clear, in view of the ancillary nature only of federal mandamus—except in the District of Columbia —that the plaintiff's suggestion of mandamus as a remedy is unsound. Youngblood v. United States, 6 Cir., 141 F.2d 912, 914, 915; Barber v. Hetfield, 9 Cir., 4 F.2d 245; Rosenbaum v. Bauer, 120 U.S. 450, 7 S.Ct. 633, 30 L.Ed. 743. But plaintiff has made its allegations full and complete, and has in fact asked, in addition to an order for the return of the material, for "such other and further relief as to the Court may seem just and proper." Moreover, without reference to its prayer, it is entitled to the relief to which the stated facts entitle it, even though its own theory of relief may have been unsound. F.R.C.P. 54(c); United States for the Use of Susi Cont. Co. v. Zara Cont. Co., 2 Cir., 146 F.2d 606, and cases cited. There is no remedy directly against the United States for illegal action of the collector, although the collector himself in appropriate instances may be reimbursed, 28 U.S.C.A. § 842; the usual remedy appears to be one to hold the collector personally for a default or other improper performance of his duties in an action for damages. Dioguardi v. Durning, 2 Cir., 139 F.2d 774, 775; Conklin v. Newton, 2 Cir., 34 F.2d

612, 614; Union Oil Co. of California v. Bryan, D.C.S.D.Cal., 52 F.Supp. 256, 261; De Lima v. Bidwell, 182 U.S. 1, 177-180, 21 S.Ct. 743, 45 L.Ed. 1041.

■ In such an action it would seem quite clear that the return of the goods was not a complete defense, but would serve only to mitigate damages. That was the well settled rule of the common law now embalmed in Restatement, Torts, 1934, § 247, dealing with the conversion of chattels; indeed, as there stated, three conditions must concur even for the mitigation of damages: that the conversion was in good faith, that the physical condition of the goods was unimpaired, and that tender was promptly made and kept good thereafter. Colby v. Reed, 99 U.S. 560, 566, 25 L.Ed. 484. And while it seems, as plaintiff apparently visualized in its allegations of irreparable injury, that it might properly invoke the aid of equity under appropriate conditions, cf. L. Hand, J., in Sims v. Stuart, D.C.S.D.N.Y., 291 F. 707; Newfield v. Ryan, 5 Cir., 91 F.2d 700, 703, certiorari denied Ryan v. Newfield, 302 U.S. 729, 58 S.Ct. 54, 82 L.Ed. 563, yet damages would there be awarded, where necessary to complete relief, even though mandatory action was no longer necessary. Rice & Adams Corporation v. Lathrop, 278 U.S. 509, 49 S.Ct. 220, 73 L.Ed. 480; Hohorst v. Howard, C.C.E.D.N.Y., 37 F. 97; cf. Chafee, Cases on Equitable Relief Against Torts, 1924, 252n.; former Equity Rule 23, 28 U.S.C.A. § 723 Appendix. Of course, defendant could have stopped the running of further costs by an offer of judgment under F.R.C.P. 68.

■■ In view, therefore, of the showing of apparent default by the defendant, it was error for the court to award judgment summarily for the defendant; but since defendant was not required to and did not show whether he had any defense on the merits, the action must be remanded to the District Court for further proceedings consistent with this opinion. In this connection it may be noted that we have recognized—as a kind of deduction from 28 U.S.C.A. § 747, making property taken under the revenue laws irrepleviable, but subject to the decrees of the federal court having jurisdiction—a summary proceeding to compel the government officials to proceed promptly to the forfeiture proceedings or return the articles. In re Behrens, 2 Cir., 39 F.2d 561; In re No. 32 East Sixty-Seventh St., 2 Cir., 96 F.2d 153;

Goldman v. American Dealers Service, 2 Cir., 135 F.2d 398. It has been suggested that such summary procedure, which does not test the merits in any way, should be exclusive where appropriate, In re No. 32 East Sixty-Seventh St., supra, but with the intimation which seems a necessary corollary that the restriction will not apply where the detention appears to be, or has become, clearly illegal, cf. In re Behrens, supra, 39 F.2d 561 at page 564; Goldman v. American Dealers Service. supra, 135 F.2d 398 at pages 400, 401. Whether the summary procedure should ever carry costs against the official, we need not now determine; for when the detention is shown to be illegal by reason of the delay, or unexplained release, or otherwise, there would seem no reason for the denial of costs and at least nominal damages. Cf. De Bary v. Carter, 5 Cir., 102 F. 130; Field v. Schell, C.C.N.Y., Fed.Cas. No. 4,771.

Reversed and remanded.

CHASE, Circuit Judge (dissenting).

Ordinarily damages may not be recovered unless they are pleaded. Pacific Coin Lock Co. v. Coin Controlling Lock Co., 9 Cir., 31 F.2d 38. The record here shows not only that no damages were pleaded but that none were claimed in the court below.

Nor does the appellant now claim damages of any kind. It apparently is seeking an award of costs primarily, if not wholly, because of their supposed punitive effect as is shown by the following sentence from its brief. "The small bill of costs to which the appellant is entitled as a matter of law would have deterred any further deliberate withholding of such books and would have stimulated any official indifference in such matters to prevent any repetition within the memory of the officials conscious that a watchful court would award costs in such cases."

In the absence of any allegations, proof or demand for damages, the district court correctly ruled that the cause of action was moot when it appeared that the books had been released to the plaintiff. The dismissal of the complaint was then without error. A court "will determine only actual matters in controversy essential to the decision of the particular case before it." United States v. Alaska Steamship Co., 253 U.S. 113, 116, 40 S.Ct. 448, 449, 64 L.Ed. 808.

Having properly dismissed the complaint the court in its discretion denied costs to the defendant who was the prevailing party. Otherwise they would have been allowed as a matter of course. Rule 54(d), F. R.C.P. To this extent the appellant had the benefit of the only discretionary ruling as to costs that could have been made. Even had the appellant prevailed below no costs would have been allowed had reasonable cause for the seizure been shown. 28 U.S.C.A. § 818.

I would affirm the judgment.